NEWMAN, District Judge.
As these two cases involve the same subject-matter, they were, by consent of parties, submitted on one record. The Bradley Fertilizer Company, having a judgment against John E. Pace, procured summonses of garnishment to be issued, one directed to Thomas E. Wilson, and the other to William M. Brown. The purpose of the garnishment was to test the validity of assignments made by Pace to Wilson on January 1, 1895, and by John E. Pace and Arthur J. Doyle, partners under the firm name of Pace & Doyle, to William M. Brown on January 3, 1895. Both garnishees answered, denying indebtedness in any way to Pace, or that they had in possession any goods, chattels, credits, or effects of said Pace. These answers were traversed by the plaintiff, and the issue raised thereon was, by stipulation of the parties, submitted to the court for trial and determination without a jury; the court to make special findings of law and fact in the case. The court made various findings of fact, several findings of mixed questions of law and fact, and also findings of law; and, as a final conclusion of law and fact in both cases, the court found for the defendant and garnishees, and judgment was rendered accordingly.
These assignments were attacked in several particulars as being invalid under the Florida law. We shall notice those grounds only upon which the greater stress was laid for the plaintiffs below (plaintiffs in error here). It is urged that the assignment from Pace to Wilson did not convey to the assignee the interest of Pace in the firm of Pace & Doyle; that is, any interest after payment of partnership debts. By the statute of Florida (Rev. St. §§ 2307, 2308), all the assignee’s property, of every description, must be embraced in the assignment. The language of the assignment from Pace to Wilson, so far as material here, after describing specifically certain property, is as follows:
“Also, all goods, chattels, stock, promissory notes, debts, claims, judgments, property, and effects of every description, belonging to the party of the first part, wherever the same may be, except such property as is exempt by law from levy and sale under an execution under the law of Florida.”
This is broad enough and sufficient to convey to Wilson, as assignee, Pace’s individual property, and also his interest in the partnership property of every kind.
It is further urged that the bond executed by Wilson was not a good and sufficient bond, and was not properly approved. The principal reason urged against the sufficiency of the bond is that the sureties thereto did not each become liable for the full amount of the bond. The bond was in the sum of $50,000; Wilson, as principal, obligating himself for the full amount of the bond, and 10 sureties for *864 §5,000 each, one for §1,500, and one for §1,000, making the total amount for which the sureties became liable §52,500. The court found, as matter of law, that this bond, although made up as above stated, was sufficient under the law of Florida requiring assignees to give bond. The Florida law on the subject (Rev. St. § 2310) requires that the “assignee shall give bond approved by the clerk of the county where the assignor lives * * * and payable to. the governor of Florida, in double the value of the property assigned.” We agree with the court below that this was a good bond, and that it complied with the law.
Some question is made under the language of the statute requiring the bond to be filed “immediately.” The assignment was dated January 1st, and the bond January 4th. The assignment was not filed in the clerk’s office until January 4th, and the oath of Pace required by the statute was made on the 4th of January. So it seems that the assignment was really being made during three or four days, and all of the papers necessary seem to have been made during that period.
We are satisfied, also, with the finding of the court that the assignment from Pace to Wilson was properly recorded. We see no necessity for the record of Pace’s individual deed in Brevard county. While we hold that the effect of the deed was to convey Pace’s interest in the partnership property, after paying the partnership debts, it was such a contingent interest as would not require the record of the deed in the county where the partnership assets were situated. The title to the real estate was in the firm, and Pace’s individual right was in what Pace & Doyle’s assignee might have left after paying partnership debts.
The deed from Pace to Wilson is made to Wilson, “his successors and assigns”; and it is claimed that the word “heirs” should have been used, and, as it does not appear, that the entire éstate in Pace’s real estate was not conveyed. On the contrary, we think it uses the proper language. A conveyance to an assignee for the benefit of creditors, “his successors and assigns,” is in the proper form.
It is also claimed that because the deed from Pace to Wilson, according to its language, was “signed and sealed,” but was not “delivered,” in the presence of the attesting witnesses, that the same is invalid. No question is raised but that, as a matter of fact, the deed was delivered. The assignee accepted the trust, and went into possession of the property. We think this objection equally untenable.
These are the only objections we care to notice. The other questions raised are such that, in view of the findings of fact and law by the court below, need not be especially mentioned. These two deeds, the one from Pace to Wilson, and from Pace & Doyle to Browm, seem to have been, in effect, one transaction. At least, they aim at a common purpose. It is not seriously contended that together they do not convey all the property of the parties. They convey the individual property of Pace, and the partnership property, to all the creditors alike, containing no preferences. For this reason the assignments should be favored and upheld, if possible.
Counsel for plaintiffs in error urged that the case of Williams v. *865 Crocker, decided by the supreme court of Florida in 1895, and reported in 18 South. 52, is favorable to them on some of the questions first mentioned. We do not see that it affects the precise questions involved here. It does hold, however, that the purpose of the assignment law of Florida was to prohibit partial assignments for the benefit of creditors, and prohibit therein the preferment of one credit- or over another. Such we will also consider the purpose of this assignment law, and we think that purpose was carried into effect by the assignments before us in this case. Considering the grounds of objection to these assignments, therefore, either separately, or taking the whole transaction together, we think that the court below was right in finding in favor of the garnishees on the issues made, and the judgment of the court below is accordingly affirmed.