GEORGIANA SMITH AND WILLIAM SMITH, HER HUSBAND, PLAINTIFFS IN ERROR, v. N. D. PHILIPS AND A. T. EVANS, DEFENDANTS IN ERROR.

1.   Under Chap. 4115 Laws of 1893, a sale of lands in 1894 for the 1893 tax assessment was authorized.

2.   The mere omission from the description of lands embraced in a tax deed of the words "Tallahassee meridian" does not render a tax deed void, since it must be presumed that only Florida lands are being sold and upon such presumption no possible ambiguity is made to appear.

3.   The insertion by the Clerk into the statutory form of a tax deed of the words "the required thirty days notice having been given" is unnecessary but being a step in the statutory proceedings antecedent to the deed, does not render the deed void on its face; the fact, however, is presumed subject to rebuttal.

4.   A tax deed, after reciting separate sales of two forties to the same purchaser, does not show conclusively a joint sale by the recital therein that the grantee had acquired the interest of the purchaser to the lands by virtue of such tax "sale," as appears endorsed on the "certificate."

5.  The statutory form of the tax deed does not make provision for an assignment and the burden is upon the claimant under a tax deed, who was not the purchaser at the sale, to prove the assignment.

6.  Substantial compliance only is required by statute with the form of the tax deed prescribed in Chap. 4115. The use of the words "done in the presence of" two witnesses in lieu of "signed and sealed in the presence of" does not render the deed void.

This case was decided by Division A.

Writ of Error to the  Circuit Court for  Hernando County.

The facts in the case are stated in the opinion of the Court.

*Coogler & Son,* for Plaintiffs in Error.

*W. W. Hampton,* for Defendants in Error.

COCKRELL, J. After the plaintiffs in an  action  of ejectment had deraigned their title, the defendant offered in evidence a certified copy of a tax deed but to its being read in evidence the court sustained an objection "that the sale of lands for taxes was not authorized by the acts of the legislature of 1891, and that the deed is void upon its face."

There was verdict and judgment for the plaintiffs to which the defendants prosecute this writ and assign as error the above ruling.

The first subdivision of the objection presents no difficulty. The tax deed is based upon a sale in 1894 for taxes assessed in 1893.

The scheme devised in 1891 for certification of lands for unpaid taxes had not worked successfully and the next legislature thereafter, which convened in 1893, returned to the former practice of a public sale, and for the taxes for that and succeeding years there has been no certification under the act of 1891. In Chapter 4115, approved June 2, 1893, there was no interference with what had been done that year in the matter of assessment, but the change was made as to the compulsory process for enforcing that assessment.

The defendants in error urge various objections to the form of the tax deed which they claim made it void upon its face and their objections will be discussed seriatim. We shall not, however, undertake to consider other objections urged here which do go to the face of the deed, such for example as the acknowledgment, the failure to account for the original and to prove facts that may be essential to the validity of the deed, as absolute proof of title.

The first objection which we are asked to consider is that the land is not sufficiently identified to convey title. The description is "the northeast quarter of the northeast quarter of section 31, Township 22 South, Range 20 East, containing 40 acres, assessed and sold as the property of Philips and Evans." The deed further shows that this land was sold by the Tax Collector of Hernando county for unpaid taxes. The specific objection is that the State and county are not shown. While it may be and doubtless is true that such description might apply to a forty in some other state than Florida, yet it would be idle to indulge a presumption that the taxing authorities of Hernando county were selling land in some other state or country and the description if limited to Florida can apply only to Hernando county. The failure to insert in

the description the "Tallahassee Meridian" does not render it void even in a tax deed. Keepfer v. Force, 86 Ind. 81.

The unnecessary recitation by the clerk in the statutory form of a tax deed that "the required thirty days notice having been given" does not vitiate it. While the statute requires a thirty day notice of the application for the deed and prescribes the manner of it, it does not require the deed to set forth the notice; the statutory form prescribed by the legislature is wholly silent as to this and it is one of the proceedings the regularity of which is evidenced *prima facie* by the deed; such presumption being subject to rebuttal. The recital does not amount to an affirmative showing that the statutory notice has not been given, but is at most a short but needless statement that the notice was given.

The deed shows that two forties in the same township were sold separately but on the same day to one Otto C. Butterweck and further recites that one Mary E. Morper, to whom the deed is made "has purchased the right, title and interest of the said Otto C. Butterweck in and to the lands acquired by reason of such tax sale, by paying therefor 'value received' as appears endorsed on the back of certificate of tax sale." The objection presented and urged here is that the deed shows a joint sale of separate parcels of land; but this it does not do; to the contrary, it had theretofore clearly stated separate sales of the two forties and the use by the clerk of the singular number in reciting the assignment does not necessarily and conclusively show a single certificate embracing the separate sales.

It may be well here to note that the statutory tax deed contains no reference to the matter of assignment and that as it alone is made *prima facie* evidence of regular-

ity, there is no presumption to be read into it by a mere recital of the clerk as to the validity of the assignment and the burden is still upon the claimant under the tax deed to prove the assignment, as to which he alone can be held to be fully advised.

An objection is made to the execution of the deed. Substantial compliance only with the statutory form is requisite. Section 61, Chap. 4115.

Following literally the prescribed form, the attestation clause of the deed reads, "In testimony whereof, I, Frank E. Saxon, Clerk of the Circuit Court of Hernando county, have executed this deed pursuant to and in virtue of the authority invested by law, for and on behalf of said State, and have hereunto subscribed my name officially and affixed the Seal of the Circuit Court of the said County of Hernando, at Brooksville, in the said county of Hernando, this 25th day of May in the year of our Lord one thousand eight hundred and ninety seven. Frank E. Saxon, Clerk of the Circuit Court." The official seal is affixed. Then comes the variation. The form reads—"signed and sealed in the presence of" with blanks for two witnesses, whereas this deed reads, "Done in the presence of J. A. Jennings & Stephen A. Wilson," and the objection is that there is no evidence that the deed was signed, sealed and deliverd in the presence of two witnesses. The variance was caused probably by the use of an old blank form, provided under the act of 1887, in which the word "done" occurs. Keeping in mind that "substantial" not literal compliance is sufficient by the mandate of the legislature, it would be the height of refinement to hold the variance fatal. The word "done" is as broad if not broader than the words "signed and sealed" and may comprehend the idea of the execution, as well as the signing and sealing which they attest were

"done" in their presence. The statute does not require anything further in the presence of two witnesses than the signing and sealing and does not include the delivery, so we need not determine whether "done" is as comprehensive in its meaning as its usual but more technical synonym "executed."

As against the objection urged the deed should have been admitted. It was apparently offered as proof of title either in the link of the defendants' chain or in another so as to defeat the plaintiffs upon the question of title alone, and not as color of title merely upon which to found adverse possession, which latter aspect of its admissibility has not been passed upon.

For the reasons given the court erred in refusing to permit the deed to be read in evidence and the judgment is, therefore, reversed and a new trial ordered.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.