INTERNATIONAL KAOLIN COMPANY, A CORPORATION, CITY TRUST COMPANY OF NEW YORK, A CORPORATION, ATLANTIC KAOLIN COMPANY, A CORPORATION, JAMES H. HARLOW AND GEORGE R. HARLOW, PARTNERS, JAMES H. HARLOW & COMPANY, WHEELING CORRUGATING COMPANY, A CORPORATION, JOSEPH B. COTTRELL, H. W. MILLS, J. B. COTTRELL JR., G. H. PANTLEY JR., S. A. McEADDY, S. W. JOYNER, J. B. PHARES, J. S. WARNER AND FRANK B. COLTON, TRUSTEE, *Appellants,* v. FRANCIS VAUSE, TRUSTEE, *Appellee.*

55    641
58    328

CORPORATIONS—EXECUTION OF MORTGAGE BY—INTEREST OF DEFENDANT HOW ALLEGED IN BILL—EQUITY PRACTICE—EXTENDING TIME FOR PLEADINGS—VACATING DECREE PRO-CONFESSO.

1. Under the provisions of section 2459, General Statutes of 1906, (section 1955, Revised Statutes of 1892) whether it is necessary to their validity that the deeds of *corporations* conveying land shall be witnessed by subscribing witnesses, *Quere?*

2. A trust deed or mortgage executed, attested and proven for record by two corporations in the State of New York in the following form:

"In witness whereof the parties hereto have caused their respective corporate names to be hereunto subscribed by their respective presidents, thereto duly authorized, and their respective corporate seals to be hereto affixed and attested by their respective secretaries on the day and year first above written.

(Corporate)          International Kaolin Company,
( Seal    )                    Charles D. Haines, President.

Attest:  Stephen J. Brown, Secretary.
(Corporate)    . City Trust Company of New York,
(  seal    )                  By J. R. Curran, President.
Attest:  W. W. Lee, Secretary.

As to City Trust Company,⎫
W. J. Eck,                  ⎬
W. Smith.          ⁀      ⎭

In presence of:   as to International Kaolin Company and the signature of Charles D. Haines, as President and Stephen J. Brown, as Secretary.

H. McGonegal, }
Geo. F. Bentley, }

State of New York, } ss
County of New York. }

On the first day of August in the year one thousand nine hundred and two, before me personally came Charles D. Haines, to me known, who being by me duly sworn, did depose and say that he then resided at Kinderbrook, Columbia County, New York; that he was then president of the International Kaolin Company, one of the*two corporations described in and which executed the foregoing instrument; that he knew the seal of said corporation; that the seal affixed to said intsrument was the said corporate seal; that it was so affixed by order of the board of directors of said corpora tion, and that he signed his name thereto by like order.

Notary's offi-) 		 Geo. F. Bentley,
( cial Seal ) 		 Notary Public New York County.

Then follows a certificate under the hand and official seal of the clerk of the county of New York and of the Supreme Court for said county, which is a court of record, attesting that the said Notary Geo. F. Bentley was a dulv commissioned and sworn Notary Public in and for said State and county and as such duly authorized to take such acknowledgments, and that he was well acquainted  with the signature of such Notary and that the signature to such certificate he believed to be the genuine signature of such Notary.

Then follows the proof of the execution of such mortgage by the City Trust Company of New York Trustee  in acceptance of the trust therein created, in identically the same form: Held, That said mortgage was validly executed, attested and witnessed, if witnesses thereto be necessary, and proven for record substantially in compliance with the requirements of our statutes; and that such proof thereof lawfully entitled it to   record   in   this   State.

3. It is not the policy of our law to nullify records wherever substance is found.   Clerical errors and technical ommissions should be disregarded, and a substantial compliance with the statute should be held to be sufficient. The  instrument  acknow-

ledged may be resorted to in aid of both the *execution* and *acknowledgment* thereof. And a liberal construction should be applied in favor of sustaining the proof of the execution of deeds and other instruments required to be proven for record.

4. The recording of a deed is equivalent to a formal delivery thereof, in the absence of any showing of fraud on the grantor.

5. An allegation in a bill for closure of a mortgage to the effect; that the interest of a defendant named therein, if any, has accrued subsequently to the mortgage and is subject to the lien thereof, sufficiently shows that such defendant is a proper party, and is not demurrable as stating no cause of action against him.

6. Trial courts are vested with a wide discretion in the matter of extension of the rule-prescribed times for filing pleadings, and no exercise of such discretion will be interfered with by an appellate court unless it is a plain abuse thereof to the unjustifiable detriment of the party or parties.

7. After a defendant to a bill has filed an answer thereto, the complainant cannot, under our Equity Rule No. 42, amend his bill without obtaining an order from the judge granting leave to amend. If in such case he amends his bill without such order from the judge, a decree *pro confesso* and final decree against such defendant is not authorized upon his failure to answer the bill *as so amended* , and there is no error in vacting a decree *pro confesso* and final decree entered under such circumstances.

This case was decided by the Circuit *En Banc.*

Writ of Error to the Circuit Court for Lake County.

The facts in the case are stated in the opinion of the court.

*William Hocker,* for appellants;

*Thos. Emmet Wilson,* for appellee.

TAYLOR, J.—The appellee, hereinafter referred to as the complainant, as trustee for the bond-holders secured by a mortgage trust executed by the International Kaolin Company, a corporation, filed his bill for the foreclosure of such mortgage against the appellants, hereinafter referred to as the defendants, in the Circuit Court of Lake county. None of the defendants to the bill interposed any defense except the defendant, Frank B. Colton, as trustee, who demurred to the original bill, and upon his demurrer being overruled, answered said bill, incorporating in his answer a plea setting up failure to make a necessary party defendant. Various motions were made by the same defendant to dismiss the original and amended bill, and to dismiss the cause, all of which motions were denied, and from these interlocutory rulings, overruling the defendant, Colton's, demurrer to the original bill, and denying his various motions to dismiss the original and amended bills and to dismiss the cause, all of said defendants have taken their appeal to this court, assigning said interlocutory orders as error, there being four assignments of error.

The third of these assignments challenges the correctness of the court's order overruling the defendant, Colton's demurrer to the original bill. The grounds of this demurrer are in substance as follows:

1st. No equity in the bill.

2nd. That the mortgage sought to be foreclosed is not properly witnessed.

3rd. That said mortgage is not properly acknowledged.

4th. That it does not appear that said mortgage was entitled to be recorded in the public records.

5th. That it does not appear that the interest of this defendant is subject to any rights the complainant may have.

6th.    That in the absence of proper acknowledgment and record of said mortgage sought to be foreclosed it is necessary for complainant to allege actual notice to subsequent incumbrancers of the existence of the same.

7th.    That the allegation in the bill that the interest of this defendant has accrued subsequent to the lien of the mortgage sought to be foreclosed, and is inferior thereto, is an insufficient allegation without alleging or showing actual or constructive notice of the mortgage sought to be foreclosed.

8th.    That it does not appear that the complainant is entitled to maintain this suit.

The court below made the proper order in overruling the said demurrer to the original bill.    That there is equity in the bill is fully substantiated by a bare reading thereof.

The grounds of the demurrer most earnestly contended for here are those questioning the form of the execution, witnessing and proof for record of the mortgage sought to be foreclosed, but there is no merit in the contentions of the appellant in these respects.    Incorporated in the body of the mortgage itself made an exhibit to the bill in the form of preambles are the resolutions adopted by the stockholders of the corporate mortgagor authorizing its board of directors to issue the bonds in question to be secured by a trust deed or mortgage of all of its properties and franchise in such manner and on such terms and conditions as to the said board of directors shall seem necessary, and directing that such mortgage shall be duly executed in the name of said company by its president and sealed with its corporate seal attested by its secretary, as may be determined by said board of directors; also incorporated therein are the resolutions adopted by the board of directors of said corporate mortgagor directing and providing   for   the

terms and conditions and form of the bonds and attached interest coupons to be issued and for the form, terms and conditions of the trust deed or mortgage to be executed and delivered for their security, by one of which resolutions it was resolved: "that the president of this company be and he hereby is authorized for and on behalf of this company, and as its act and deed, to affix its corporate seal to said mortgage or deed of trust and to said bonds and obligations, and to sign the same in the name of this company as such president, and to cause the same to be duly attested by the secretary of this company, and when so executed in due form of law to deliver and record the said mortgage or deed of trust." And in said resolutions of said board of directors so incorporated in said mortgage it is further recited: "And the draft or form of said mortgage or deed of trust, as contained in this indenture, being now duly submitted to, and read and examined by, the board of directors of the company at this present meeting, and the same having been found satisfactory, it was further unanimously resolved: that the mortgage or deed of trust so to be executed, delivered and recorded, by the president and secretary of this company, as above authorized and directed, shall be in the form now submitted, which form is hereby adopted, ratified and approved." The mortgage is executed and attested in the following form:

"In witness whereof, the parties hereto have caused their respective corporate names to be hereunto subscribed by their respective presidents, thereto duly author-

VOL. 55, JANUARY TERM, 1908        647

International Kaolin Co., et al. v. Vause.—Opinion of Court.

ized, and their respective corporate seals to be hereto affixed and attested by their respective secretaries, on the day and year first above written.

(Corporate)                    International Kaolin Company,
(Seal)                         Charles D. Haines, president.
Attest: Stephen J. Brown, secretary.
(Corporate)        City Trust Company of New York
(Seal)                         by J. R. Curran, Pt.
Attest: W. W. Ley, Secy.
(As to City Trust Co.)
(W. J. Eck          )
(W. Smith           )

In presence of: as to International Kaolin Company and the signature of Charles D. Haines as president and Stephen J. Brown as secretary.
H. McGonegal
Geo. F. Bentley."

And the proof of such mortgages for record is as follows:

"State of New York
County of New York.    ss

On the first day of August in the year one thousand nine hundred and two, before me personally came Charles D. Haines, to me known, who being by me duly sworn, did depose and say that he then resided at Kinderhook, Columbia county, New York; that he was then president of the International Kaolin Company, one of the two corporations described in and which executed the foregoing instrument; that he knew the seal of said corporation; that the seal affixed to said instrument was the said corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed his name thereto by like order.

(Notary's of-)                 Geo. F. Bentley,
(ficial Seal.)        Notary Public New York Co."

Then follows a certificate over the hand and official seal of the clerk of the county of New York, state of New York, and clerk of the supreme court for said county, the same being a court of record, attesting that the above named George F. Bentley was duly commissioned and sworn notary public in and for said state and county, and as such duly authorized to take such acknowledgements, and that he was well acquainted with the handwriting of such notary and verily believed the signature to such certificate of proof was the genuine signature of such notary.

The proof of the execution of such mortgage made by the president of the City Trust Company of New York, trustee, named in such trust mortgage in acceptance of the trust herein created is in identically the same form.

In so far as the objection to the form of the attestation of this instrument by the witness thereto is concerned, our statute, section 2459 General Statutes of 1906 (section 1955 revised statutes) provides as follows: "Any corporation may convey lands by deed sealed with its common seal and signed in its name by the president or chief executive officer of the corporation." Under this provision of our law it would seem that the deeds of corporations are not required to be witnessed by subscribing witnesses, but that our statute recognizes the doctrine universally obtaining, that corporations in such matters speak and act through their corporate seal. But however this may be, we think that the mortgage in question is not only validly executed, but that it is properly attested by witnesses, if witnesses thereto are necessary to its validity, and we think, too, that it is properly proven for record to entitle it to be recorded in the public records of this state. The following cases will be found to establish the rule here that it is not the policy of

our law to nullify records wherever substance is found and that clerical errors and technical omissions should be disregarded, and that a substantial compliance with the statutes is sufficient. Hagans v. Carruth, 19 Fla. 84; Einstein's Sons v. Shouse, 24 Fla. 490, 5 South. Rep. 380; Summer v. Mitchell, 29 Fla. 179, 10 South Rep. 562. In this case it is held in effect that the instrument acknowledged may be looked to in aid of the acknowledgment thereof, and of the execution thereof. Cleland v. Long, 34 Fla. 353, 16 South Rep. 272. In this case it is held that a liberal construction obtains in favor of sustaining the proof of the execution of deeds and other instruments required to be proven for record. Jackson v. Haisley, 35 Fla. 587, 17 South. Rep. 631; Smith v. Philips, 51 Fla. 327, 41 South. Rep. 527; Richbourg v. Rose, 53 Fla. 173, 44 South. Rep. 69; East Coast Lumber Co. v. The Ellis-Young Co., decided here at the present term; Bradley Fertilizer Co. v. Pace, 26 C. C. A. 198, 80 Fed. Rep. 862. In the case of Levy v. Cox, 22 Fla. 546, it is held that the recording of a deed is equivalent to a delivery thereof, in the absence of any fraud on the grantor. In the case of the Union Bank of Florida v. Call, 5 Fla. 409, it is held that a deed signed by the president and under the seal of a corporation, *prima facie,* is valid, and the burden of showing that it was done fraudulently, or without authority, devolves on the party contesting it. Under this rule when a bill for foreclosure exhibits a mortgage signed by the president and under the seal of a corporation, it makes out such a *prima facie* case of right in the complainant as that it would require an answer to raise an issue as to the validity of such mortgage; a demurrer cannot raise it. As to that ground of said demurrer that questions the sufficiency of the allegations of the bill to the effect that the interest of the demurring defendant accrued subsequently

to the lien of complainant's mortgage and is inferior thereto, there is no merit. In the case of McCoy v. Boley, 21 Fla. 803, it is held that an allegation in a bill to foreclose a mortgage that a defendant's interest, if he has any, has accrued subsequently to the mortgage and is subject to the lien thereof, sufficiently shows that he is a proper party, and is not demurrable as stating no cause of action against him. The last ground of the demurrer contends that said bill for foreclosure does not show that the complainant therein is entitled to maintain the suit. There is no merit in this contention. The mortgage was made originally to the City Trust Company of New York as trustee for the bondholders secured thereby, and makes full provision for the discharge of such trustee named therein at any time and for the substitution by the bondholders of another trustee in its place and stead with all of its rights and powers. The bill alleges that the trustee originally named in the mortgage was duly discharged and the complainant duly substituted and made trustee in its place and stead in conformity with the provisions of such mortgage. This shows sufficiently the right of the complainant as trustee to maintain the suit.

The defendant Frank B Colton filed an answer to the original bill in which he incorporated a plea alleging a failure to make a necessary party defendant to the bill. The complainant, after this answer and plea were filed, without leave of the court being first granted, filed amendments to his original bill, and upon the failure of the defendant Colton to answer, demur or plead to this amended bill the complainant caused decree *pro confesso* to be entered against him, procured the appointment of a master to take testimony, and upon the filing of the master's report obtained *ex parte* from the judge a final decree of foreclosure against all the defendants as prayed.

VOL. 55, JANUARY TERM, 1908.        651

International Kaolin Co., et al. v. Vause.—Opinion of Court.

Afterwards upon the motion of the defendant Colton, made upon the ground that said decree *pro confesso* as to him was irregular and void, because the amended bill for failure to answer which said *pro confesso* was entered, had been filed after said defendant had answered and plead to the original bill and without any leave of the court being first obtained for its filing, the judge vacated and set aside final decree and decree *pro confesso* and the order referring the cause to a master, and granted time to said defendant Colton to answer, demur to, or plead to said amended bill, and made a further order to the effect that the amended bill be taken and considered as being filed by leave of the court on the date of its filing, to-wit: December 3rd, 1906. There were several motions by the defendant Colton to dismiss the original and amended bills for failure on the part of complainant to file replication to said defendant's answer to the original bill, and to strike from the files said amended bill because same was filed without leave of the court. The denial of these various motions is assigned as error by the defendant Colton. It will be of no utility to discuss these various motions in further detail than to say that in effect the rulings of the judge thereon amounted to extensions of the time for the filing of pleadings as prescribed by the rules, and in which matter the trial courts are vested with a wide discretion the exercise of which will not be interfered with by an appellate court unless plainly abused to the unjustifiable detriment of the party or parties. In the rulings complained of here there is no such abuse of the judicial discretion made to appear as will warrant us in holding any of said rulings to be error.

The appellee, the complainant below, assigns as error the order of the court vacating the final decree and decree *pro confesso* as to the defendant Colton. There was no error here. Rule 42 of Equity rules provides that after

the filing of an answer, plea or demurrer the complainant may upon motion or petition, without notice, obtain an order from the court or judge to amend his bill. This rule was wholly ignored by the complainant in filing his amended bill. He made neither motion or petition for leave from the judge to file same and obtained no such leave, and consequently its filing was altogether irregular and unauthorized, and the failure of the defendant Colton to notice it with an answer or other pleading did not authorize the entry of a decree *pro confesso* thereon or a final decree; particularly were such decrees, *pro confesso* and final, unauthorized under these circumstances when the defendant Colton had on file an answer to the original bill.

No error appearing the orders appealed from in said cause are hereby affirmed at the cost of the appellant Frank B. Colton, and the cause is remanded for such further proceedings as shall be consonant with equity practice.

SHACKLEFORD, C. J., COCKRELL, WHITFIELD, and PARKHILL, JJ., concur;

HOCKER, J. did not participate.