## FRANK v BARNES

Ohio Appeals, 6th Dist, Lucas Co · No. 2422. Decided Jan 26, 1931

Tyler, McMahon, Smith & Wilson, Toledo, for Frank.

Doyle & Lewis, Toledo, for Barnes.

LLOYD, J.

It is conclusive that Barnes had no knowledge that the property was sold to Frank for $130,000.00, or any knowledge that it had been sold for an amount in excess of the price to be paid to him under the option, and beyond that, so far as the evidence discloses, he was not interested. The evidence fails to show that Barnes had colluded with the Miami realtors, fraudulently or otherwise, to induce Frank to buy the property or that they were his agents in the negotiations had with Frank.

So far, therefore, as the evidence shows, it must be concluded that Barnes is not chargeable with any of the representations, false or true, which Frank claims were made to him while adventuring in Florida. We are also of the opinion that the other alleged errors, stressed by counsel for plaintiff in error, are not well-founded.

The fact clearly appears that the deed to Mr. Frank was executed by Mr. and Mrs. Barnes in the City and County of Providence in the State of Rhode Island, and it is difficult to imagine that the law anywhere is such as to require that a deed, under all circumstances, must be delivered to the grantee in the presence of two witnesses. Such a law would make it rather expensive for an owner in Miami to execute and deliver a deed to a purchaser in London. The law in Florida, however, does not create so absurd a condition. Actual manual delivery of a deed is not always required to effectuate the grantor's intention to deliver, the filing and recording thereof being prima facie evidence of delivery, in the absence of any showing of fraud.

International Kaolin Co. v Vance, 55 Fla., 641;

Smith v Owens, 91 Fla., 995.

The promissory notes given by Frank to Barnes were given as an integral part of the transaction in question. According to Frank, the sale and purchase of the Miami lots was consummated in accordance with the oral agreement made between him and the real estate brokers. Although not possessing the value that he permitted himself to believe it had, the property had and has value, and the notes were given as part of the agreed consideration to be paid therefor. The trial court did not err in giving to the jury the requested instruction of which counsel for Frank complains.

Finding no errors in the record prejudicial to plaintiff in error, the judgment is affirmed.

WILLIAMS and RICHARDS, JJ, concur.