Clarke *et al.* v. Hartt *et al.*—Syllabus.

MAUD L. CLARKE BY HER NEXT FRIEND N. M. CLARKE,
AND N. M. CLARKE HER HUSBAND, BERTHA A.
SHINE, BY HER NEXT FRIEND CLARENCE J. M.
SHINE, AND CLARENCE J. M. SHINE, HER HUS-
BAND, GRACE M. PATTON BY HER NEXT FRIEND C.
M. PATTON, AND C. M. PATTON, HER HUSBAND,
ANNIE KNIGHT, A MINOR, BY JOHN F. KNIGHT,
HER NEXT FRIEND, AND JOHN F. KNIGHT IN HIS
OWN RIGHT, *Appellants,* v. GRIZELLE B. HARTT IN
HER OWN RIGHT, AND AS EXECUTRIX OF THE LAST
WILL OF HARRIS D. HARTT, DECEASED, WILLIAM
DELL HARTT, AN INFANT, AND WILLIAM C. LEWIS
TRUSTEE, *Appellees.*

EQUITY—VACATING DEED BECAUSE OF MENTAL WEAKNESS OF
GRANTOR.

Mere mental weakness will not authorize a court of equity to set
aside a deed, if it does not amount to inability to comprehend
the effect and nature of the transaction, and is not accompanied
by evidence of imposition or undue influence.

This case was decided by Division B.

Appeal from the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the
court.

*A. H. King,* for appellants;

*Blount & Blount & Carter,* for appellees.

TAYLOR, J.—The appellants as complainants below filed their bill in equity in the Circuit Court for Leon County against the appellees alleging in substance that they, the appellants, were the heirs at law of William D. Hartt, deceased; that a certain deed of conveyance made by the said William D. Hartt on or about the 16th day of January, 1902, to William C. Lewis as trustee whereby the said Hartt conveyed a certain lot with the two-story brick building thereon located on the northeast corner of Monroe and Clinton streets in the city of Tallahassee in Leon county, Florida, described as being a part of Lot Eighty-one (81) of the original plan of said city of Tallahassee, the same being forty-nine and a half (49 1-2) feet in width from north to south by one hundred and thirty (130) feet in length from east to west, to the said Lewis to hold in trust to the use and benefit of him the said William D. Hartt during his natural life and after his death to his son Harris D. Hartt and his heirs and assigns in fee, was a fraud upon their rights as such heirs at law. That the said William D. Hartt was an imbecile, insane and without mental capacity to know or comprehend what he was doing when he made said deed and that his son, the said Harris D. Hartt, husband of the appellee Grizelle B. Hartt and father of the infant appellee William Dell Hartt, procured and persuaded him to make said deed by improper and undue influences exerted over the said grantor. The bill prays that said deed and other deeds to other property made by the said grantor to some of the complainants about the same time might be set aside and cancelled and the property divided equally among the complainants and defendants as heirs at law of said William D. Hartt share and share alike according to the laws of descent.

A voluminous amount of evidence, oral and documentary, was taken and submitted at the final hearing before the chancellor, which resulted in a final decree dismissing the complainants' bill at their cost. From this final decree the complainants below appeal to this court, assigning as error the rendition of said final decree, and the sustaining by the chancellor at the final hearing of objections made by the defendants below to the evidence of certain of the witnesses for the complainants. After careful consideration of all the evidence adduced in the cause, our conclusion is that the court below rendered the proper decree, whether the whole evidence adduced be considered without eliminating any of it, or whether that part of it only be considered after eliminating the evidence rejected by the court below at the hearing. This being true it becomes unnecessary to consider the propriety of the ruling sustaining the objections of the defendants below to the evidence of divers witnesses for the complainants.

In the case of Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97, this court has held that mere mental weakness will not authorize a court of equity to set aside a deed, if it does not amount to inability to comprehend the effect and nature of the transaction, and is not accompanied by evidence of imposition or undue influence. Stewart's Ex'or v. Lipsenard, 26 Wend. (N. Y.) 255.

While the complainants showed that the mind of the said William D. Hartt had been affected and weakened by a stroke of paralysis occurring some time prior to the execution of the deed in question, yet the overwhelming weight of the evidence from wholly disinterested witnesses shows that at the time of the execution of said deed the said William D. Hartt comprehended fully and clearly what he was doing and its full nature and effect,

and it is shown further by undisputed evidence that the making of said deed by him was the consummation of a design formed by him a long time previously when there was no question as to his mental strength and clearness. Harris D. Hartt the reversionary beneficiary of said deed was his only son, and the latter's son, the infant defendant William Dell Hartt, named for his grandfather the grantor, with his father Harris D. Hartt were the only perpetuators of the family name at the time of the execution of such deed. The complainants wholly failed to make any proof of any improper or undue influence on the part of Harris D. Hartt, but, so far as the proof shows, such deed was freely, voluntarily and understandingly made by the grantor William D. Hartt on his own initiative, without any solicitation on the part of his son Harris D.; and, as before stated, in consummation of a long previously formed design. Under these circumstances the decree of the court below was proper, and must be and is hereby affirmed at the cost of the appellants.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL, J., concur in the opinion.

WHITFIELD, J., disqualified.