HEIRS OF MARION GODWIN, DECEASED, H. E. GODWIN AND
VIOLA ALDERMAN, JOINED BY HER HUSBAND DEWILTON
ALDERMAN, LEOLA HART, JOINED BY HER HUSBAND, C. M.
HART, *Appellants*, v. A. B. GODWIN AND W. R. GODWIN,
*Appellees.*

En Banc.

Opinion Filed November 22, 1926.

Evidence examined and found sufficient to support the decree
of the Circuit Court.

An Appeal from the Circuit Court for Polk County;
H. C. Petteway, Judge.

Decree affirmed.

*J. W. Brady*, for Appellant.

*Olliphant & Olliphant* and *Wilson & Swearingen*, for
Appellees.

KOONCE, Circuit Judge.—The appellant Henry E. God-
win, his brother Marion A. Godwin, and sister Viola Alder-
man, joined by her husband DeWilton Alderman, as com-
plainants filed their bill of complaint against Alfie Godwin
(sometimes called in the cause A. B. Godwin) and W. R.
Godwin and Julia Godwin. By such bill it is alleged that
the complainants and the defendants together with Leola
Hart were the children and only heirs at law of one A.
Elijah Godwin, who at the time of bringing up the bill was
deceased, except that the defendant Julia A. Godwin was
the widow of the deceased, and no relief was prayed against
her. It is alleged that at the time of the death of A. Elijah

Godwin, he was very aged and for more than a year had been unwell and had entirely lost his mind so that he was incapable of contracting or being contracted with, such fact being well known to the defendants. That notwithstanding such fact the defendants A. B. Godwin and W. R. Godwin, conspired to use their influence with their father to cause him to convey to them certain valuable real estate, described in the bill, without consideration and for the purpose of securing an advantage of the other heirs.

That to this end they, on the 19th day of March, 1914, prior to the death of their father on July 30th, 1914, procured him to make and execute to them a warranty deed to the said property reciting therein the consideration to be love and affection and for valuable services and assistance rendered by them in the care, handling and conduct of his business, that in order to secure an advantage over the other heirs, they had a further declaration inserted in said deed that it was an absolute deed or conveyance of the land and that it was not by way of advancement, that the grantees should not be required to account to any person for same, nor the said lands be brought into hotch pot for division and distribution among the grantor's heirs. There was prayer for cancellation and annullment of the deed.

Answer of the defendants admitted the relationship of the parties, and the execution and delivery of the deed, but denied all allegations as to the incompetency of the grantor to make and execute a valid conveyance, denied any undue influence in securing such deed, and averred the said deed to be a good and valid conveyance.

Taking of testimony extended over a long period, by agreement of solicitors, and when the cause was finally heard upon testimony taken, the Circuit Judge rendered his decree finding that the equities were with the defendants, and that the deed sought to be cancelled was a good

and valid conveyance, and dismissed the bill of complaint. It is from such decree appeal is taken to this court.

After the cause was at issue, the complainant Marion Godwin died and his heirs were substituted as parties complainant in his stead. Mrs. Leola Hart, who was not a party to the suit it is stated in appellant's brief joins in the appeal to protect her interest as an heir of A. Elijah Godwin.

This court in a well considered opinion by Judge WEST, in the case of Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762, which has been referred to in the briefs of both appellants and appellees, fully discussed all questions of law involved in this case. No doubt the chancellor had that opinion in mind when he made his decree in the instant .case, and applied the law as stated therein to the facts as he construed them to be from the testimony submitted. From a careful perusal of all the testimony in the case, it does not clearly appear that he was in error in his conclusions. Indeed the finding of the chancellor is amply supported by the evidence. Without giving a full review of the evidence here, though the testimony of each and every witness has been carefully read and weighed, it might be pointed out that the testimony of Mr. Wilson alone, one of the witnesses for defendants, a disinterested party who was intimately acquainted with the deceased, and had known him for many years, is sufficient to justify the conclusions of the chancellor. He testified that the grantor came to his office and informed him of his desire to make such conveyance, that the effect of such deed was fully explained to him, and that Mr. Godwin was in his right mind and retained his usual mental faculties. At the request of the grantor, Mr. Wilson dictated the deed, and the next day Mr. Godwin returned and executed it, still retaining his mental faculties. In addition to Mr. Wilson's testimony,

two other disinterested and apparently prominent and intelligent men went with Mr. Godwin the next day a long distance to the place where his wife was staying to secure her signature to the deed and release of dower interest. Both these men had known Mr. Godwin for several years, were intimately acquainted with him, the trip required two days' journey by automobile, that they talked with him, observed his conduct, that there was nothing to indicate mental weakness, but he appeared to be in his usual sound mind. Considering all this evidence, it seems that the preponderance is largely in favor of the contention that the grantor was in his right mind and fully capable of making the deed, and that it expressed his intention and desires. Even without the defendant's evidence, it would hardly be possible to conclude that the testimony of the complainants and their witnesses sufficiently met the burden of proving the incapacity of the grantor.

Applying the law as stated in the Travis case cited above, the presumption is that the grantor was sane and the burden of proof was upon the complainants upon the issue of the alleged mental incapacity of the grantor to make a valid conveyance. Even if it should be conceded that there was no conflict of evidence upon this issue, the decree appealed from does not clearly appear to be erroneous.

The decree is therefore affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Court below should be, and the same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.