W. W. WISE, as substituted Complainant (for John W. Boatright (deceased), v. WILBA BELLE WISE, joined by her husband WILLIAM WISE, and WILLIAM WISE, individually, JANE B. BOATRIGHT, JOHN M. BOATRIGHT, J. WALDO BOATRIGHT, LEOTA BURNHAM, joined by her husband, J. L. BURNHAM, CLEOTA BOATRIGHT, MARY A. BOATRIGHT MURPHY, joined by her husband, GUY MURPHY, SUSIE A. BOATRIGHT, ROBERT L. BOATRIGHT, MATTIE L. BOATRIGHT and MELLIE A. BOATRIGHT.

184 So. 91.

Division A.

Opinion Filed October 13, 1938.

554

*H. G. Jones,* for Appellant;

*L. J. Robbins* and *Treadwell & Treadwell,* for Appellees.

BUFORD, J.—This appeal is from the final decree dismiss-. ing the bill of complaint, and from several prior orders of the court.

On August 25, 1931, John W. Boatright executed four deeds, which were dated August 13, 1931, conveying to his son and to his daughter two pieces of property each. Two deeds were made conveying the "NW¼ of the NW¼ of Sec. 11, Twp. 37 S., Range 24 E." The first deed conveyed the south 3/5 of said property to the grantor's son, A. O. Boatright, and the second deed conveyed the north 2/5 of said property to the grantor's daughter, Wilda Belle Wise. By a third deed the grantor conveyed the following described property to his daughter, Wilda Belle Wise:

"Beginning at an iron stake 792 feet West of the NE corner of the South half of the SE¼ of the SE¼ of Section 15, Township 37 South, Range 24 East, thence West 528 feet to the NW corner of said South half of said Section 15, Twp. 37 S., Range 24 East, thence South 660 feet to the SW corner of said South half of said Section 15, Twp. 37 S., R. 24 E., thence East 528 feet to an iron stake, thence North 660 feet to the point of beginning, containing eight (8) acres, more or less."

And by a fourth deed the grantor conveyed to his son, A. O. Boatright, the following described property:

"Beginning at the NE corner of the South half of the SE¼ of SE¼ of Section 15, Township 37 S., Range 24 E., thence W 792 feet to iron stake, thence South 660 feet to the South line of Section 15, thence East 792 feet to the SE corner of said Section 15, thence North 660 feet to the point of beginning, containing 12 acres, more or less."

On August 21, 1934, almost three years after execution of the four deeds, and after the death of his son, A. O. Boatright, John W. Boatright filed his bill of complaint against his daughter, Wilda Belle Wise, and her husband; the

widow, the children and the husbands of two of the children of his deceased son, A. O. Boatright, praying that the court decree that complainant was mentally incompetent to execute these four deeds at the time they were executed, that there was no consideration for nor legal delivery of the deeds, and that said deeds are void; and order that each of said deeds be cancelled of record.

The bill of complaint was based upon the theory that complainant was mentally incompetent to execute the deeds at the time of their execution, but that he has now regained his mental competency and wants to have the deeds cancelled. The bill alleged in substance that plaintiff, at the time of executing the deeds, was nearly eighty years of age and in poor health; that he had only one leg, which made it impossible for him to move about in a normal way, and was troubled with a serious stomach distress, which caused him great physical pain and mental anguish; that he took whiskey and sedatives in an effort to alleviate his physical distress; that at the time he executed these deeds he was under the influence of an opiate and had just before that time been taking whiskey in considerable quantities, and did not know what he was doing when he executed said deeds; that shortly after execution of the deeds, complainant's health improved, his normal mental capacity returned, and the medicine and liquor were administered to him in almost negligible quantities; and that he wishes to undo the inequality of treatment produced by said deeds, by having them cancelled.

The record is silent as to any proceeding between the bill of complaint and the final decree.

Final decree was entered finding that John W. Boatright "was mentally incompetent to execute the four deeds, referred to in the bill of complaint," and that each of them "is void because" John W. Boatright was, at that time,

mentally incompetent to execute" them, and that "there was no legal delivery of any of said deeds," and ordering that said deeds be cancelled, and the decree of cancellation noted on the margin of each of said deeds, by the clerk of the court.

John M. Boatright, one of the defendants, filed a suggestion that John W. Boatright had departed this life on June 19, 1935, whereas final decree was not entered in the cause until June 22, 1935, and stated in the suggestion that he is advised that W. W. Wise has been appointed representative of the estate in some capacity, and that W. W. Wise or some other proper person be substituted as complainant, and the cause be allowed to proceed upon the petition for rehearing.

The court ordered that W. W. Wise, as Executor of the last will and testament of John W. Boatright, deceased, be substituted as party complainant in the cause, with full power to proceed with the suit, in the same manner as if the death of the complainant had not occurred.

The petition for rehearing was denied.

An extraordinary petition for rehearing was filed, stating as one of the grounds thereof that a subpoena or other process of the court was never served on any of the infant defendants, as required by law, and that therefore the final decree is null and void.

The court, on this extraordinary petition for rehearing, entered its order granting a rehearing in the cause, in which order it found that service of process was never made in the manner required by the statutes of the State of Florida, upon the infant defendants in said cause, and by reason of that failure, the court never acquired jurisdiction over the said minor defendants, and that the final decree is a joint decree, and not a severable decree, and is null and void as against all the infant defendants, and "owing to the

nature of said decree it is the opinion of the court that the same cannot be dealt with except as a whole." The final decree was vacated.

Motion was made to dismiss the bill of complaint.

The order of the court granting the motion to dismiss, with leave to amend, was lost, and it was stipulated by the parties that the court granted the motion on the second ground thereof.

A second motion to dismiss the bill was filed.

The court entered its order authorizing complainant to amend the amended bill by striking therefrom all reference to influence, and the allegations relating to execution of a prior deed, and by reason of this authorization, denied the motion to dismiss, and allowed defendants until the following day in which to plead further.

Wilda Belle Wise and her husband filed their answer, which admitted all allegations of the bill, except that it averred that J. Waldo Boatright is no longer a minor, and it is no longer necessary for a guardian *ad litem* to represent him.

It was stipulated by counsel for the respective parties that certain allegations relating to complainant's desire to treat both his children, his son and daughter, alike in the matter of giving them property, be stricken from the bill of complaint, without leave of court, under Section 29 of the 1931 Chancery Act.

The other defendants filed their joint and several answer, admitting that John W. Boatright was not a well man, and suffered more or less some physical pain and inconvenience, but denied that he was mentally unsound at the time of the execution of the said four deeds; that defendants are not advised of the extent of the use of narcotics and intoxicating liquors by John W. Boatright, but if he used either, it was not to such extent as to impair his mental ability, or

to disqualify him from understandingly transacting ordinary business, or executing instruments of writing disposing of his property in the manner in which he disposed of it; that in executing said deeds, John W. Boatright did no injustice to any of the parties, but said deeds were executed in consummation of a purpose to do justice to his son, A. O. Boatright, by giving him a greater share of the property because, during his lifetime, John W. Boatright had given sums of money to Wilda Belle Wise of greater value than the difference of the property conveyed to her and to A. O. Boatright.

Hon. Marshall Whidden was appointed Special Master to take testimony and to report the same back to the court without any findings. The parties presented their evidence before him and he reported the same to the court.

Thereafter the chancellor entered his final decree, dismissing the bill as amended, which final decree contained the following language:

"1. That under Section 4372 Compiled General Laws of Florida, the testimony of John W. Boatright, taken at a former hearing in said cause, wherein the said John W. Boatright appeared as complainant, is inadmissible and is incompetent testimony.

"2. That the Master's report with the testimony thereto attached, taken at a hearing of said cause prior to the death of the original complainant, the said John W. Boatright, was inadmissable in evidence in the present cause as entitled, above, for the reason that the minor children of Arthur O. Boatright, the grantee in the deeds under attack, were made parties defendant in said cause; that they were necessary parties defendant and that the record conclusively shows that no service of process was made upon the said minor defendants prior to the taking of said testimony and

for that reason said minor defendants were not before the Court and the Court had not acquired jurisdiction over them.

"3. The Court further finds that if the so-called testimony or signed statement in writing of P. R. Read, which was offered in evidence by the complainant, is admissible for any purpose, it can only be admissible for the purpose of impeaching the said Read and not in support of the allegations of complainant's bill.

"4. The court further finds that while the bill of complaint alleges the execution of the deeds was without consideration and that the same were never delivered, yet the bill further alleges that the complainant some years prior to bringing the suit learned the same were of record. And the Court further finds that said deeds recite consideration which is valuable in law and fact.

"5. The Court further finds from the record herein, that the complainant has failed to support the allegations of his bill and is not entitled to the relief thereby sought.

"It is thereupon ordered, adjudged and decreed that said bill and the several amendments thereto be and the same is hereby dismissed at the cost of the complainant."

Appeal was taken by W. W. Wise, as the substituted complainant in the cause.

It is contended that the Master's report at the first hearing should have been admitted and considered with the other evidence introduced at the second hearing before the Special Master.

In the case of Mote v. Morton, 52 Fla. 548, 41 So. 607, it was held by this Court that:

"Testimony taken before a former master in a cause, at a time when certain minors, subsequently made parties, were not parties thereto, is not admissible as against such

newly made minor parties in further proceedings before a second master appointed after such minors were made parties."

And in the body of that opinion this Court went on to say:

"It was improper for Duncan to base his findings upon the report and findings of the former master, Northup. The infants were not parties to the cause when testimony was taken and report was made by Northup, and the infants had a right to appear by their guardian *ad litem* upon the taking of testimony before Duncan and to cross-examine the witnesses. The testimony taken before the former master, Northup, was as to these minors taken in a cause to which they were not at the time parties, and consequently was as to them wholly *ex parte* and inadmissible."

In the instant case, the court granted the rehearing because "service of process was never made in the manner required by the statutes of the State of Florida, upon the infant defendants in said cause," and by reason of that defect "the court never acquired jurisdiction over the said minor defendants." There is nothing in this record to indicate what the facts were that caused the chancellor to conclude that the infant defendants had not been served according to the laws of Florida. Consequently, the finding of the chancellor has not been shown to be erroneous in this particular, and it must, upon this record, be presumed to be correct. So far as these infant defendants are concerned they are in the same position, with regard to the first hearing before the special master, as if no attempt at all had been made to make them defendants in the cause because the court had no jurisdiction over them, in the first hearing, and as a result they had no right or opportunity to cross-examine the witnesses brought before the first special master. Therefore, under the rule as stated above, the testimony taken before the special master on the

first hearing of the cause was inadmissible against the infant defendants on the second hearing of the cause.

· Appellant presents seven different theories upon which he thinks the testimony introduced at the former hearing might be introduced at the second hearing, but after having examined each of them carefully, we think that the reason heretofore given for excluding such testimony is more compelling than those seeking its introduction, and consequently hold that it is inadmissible.

If the testimony of any witness taken at the former hearing was admissible at the second hearing, it was not admissible as evidence to prove the allegations of the bill of complaint, but was admissible only to show that the witness, who testified at both hearings, gave different testimony on the first hearing. However, counsel for complainant attempted, on each occasion, to introduce in evidence the entire proceedings before the special master at the first hearing, and the chancellor correctly ruled that the report of the special master, as a whole, was inadmissible.

The second question presented is whether complainant failed to support the allegations of his bill, and is not entitled to the relief sought.

The first point argued under this question is that there was sufficient evidence to support the allegations of the bill, if the chancellor had considered the report of the first special master. But we have already decided herein, that the report of the first special master was, under the circumstances, inadmissible, and the cause must be considered on the evidence as introduced before the second special master.

It is then argued that the adult defendants were properly served and had an opportunity to cross-examine the witnesses at the first hearing, and the first decree should be binding as to them, if not as to the minors. The difficulty with that proposition, as applied to this case, is that this

cause was instituted for the purpose of having certain deeds cancelled, two of the deeds being from complainant to his son, A. O. Boatright. The son, the grantee in the two deeds, died before this cause was instituted, and his heirs, some of them adults and some of them minors, were made parties defendant in the cause for cancellation of these deeds. It is not seen how a decree cancelling the deeds made to A. O. Boatright could be made applicable to some of his heirs and not to others. Therefore, we hold that the chancellor correctly ruled that the rehearing was granted as to all the defendants, because the decree was not severable and had to be dealt with as a whole.

There is nothing in the record before us to show that the minor defendants were served, or that they waived service by appearing generally; but the record does show that the chancellor found that the minor defendants had not been properly served, and that the court had not acquired jurisdiction over them, and that finding is conclusive and binding on the parties, on the record before us, because there is nothing in this record upon which a showing could be made that this finding of the chancellor was erroneous.

One of the deeds to A. O. Boatright and one of the deeds to Wilda Belle Wise, after conveying to each grantee the fee simple title to the property, each contained the following reservation to the grantor:

"The said grantor hereby specifically reserved unto himself the right to occupy said described premises during his life time; and likewise reserves unto himself all profits of any nature whatsoever derived from said described property during his life time the same as though this deed had never been executed."

Ruling Case Law contains the following rule as to what reservations may be made to the grantor in a deed, and the deed still be a valid conveyance of the property;

"A grantor may, in a deed conveying the fee, reserve to himself the usufruct of the property for his life. The rule against the granting of an estate to vest in, *futureo* is not thus violated, for the usufruct and the fee may be separated and severally conveyed to different persons, which is the effect of a reservation of the usufruct to the grantor, and he may reserve absolute control, short of a power to dispose, since control relates solely to the use. It follows that a warranty deed with a reservation of all the grantor's right, title and interest for his life vests a fee subject to a life estate in the grantor, and is valid." 8 R. C. L. 1095, Sec. 153.

The quoted provision of these two deeds, therefore, reserved to the grantor nothing more than a life estate in the property. The fee simple title was conveyed to the respective grantees at the time the deeds were executed, but the time of enjoyment of those things reserved to the grantor, was merely postponed for the life of the grantor, and the deeds were valid.

The bill of complaint alleged that the deeds were without consideration. Each deed, however, recited consideration. A deed of property from a father to a son is not void for want of consideration, because a deed, being under seal, imports a consideration at law. See Horn v. Gartman, 1 Fla. 63. So the Chancellor did not err in holding that the recital of consideration in the deeds was valuable in law and in fact; and consequently this allegation was without support in the evidence.

The bill of complaint also alleged that there was no legal delivery of the deeds. The deeds in question each contained recitals of delivery; and they were recorded. The recording of a deed is equivalent to a formal delivery thereof, in the absence of any showing of fraud on the grantor. International Kaolin Co. v. Vause, 55 Fla. 641, 46 So. 3;

Levy v. Cox, 22 Fla. 546. Fraud on the grantor was not an issue in this cause. Therefore, assuming the deeds were validly executed, there was a valid legal delivery of them, under the rule stated in Internationl Kaolin Co. v. Vause, *supra,* and Levy v. Cox, *supra.*

The bill alleged in substance that John W. Boatright was not aware of executing these deeds, because by reason of taking sedatives and whiskey in sufficient quantities, prior to execution of the deeds, his faculties of perception had become so dulled that he was unable to comprehend the nature or scope of his acts. The burden rests on those seeking to set aside a deed for incapacity of the grantor to show such fact. Godwin's Heirs v. Godwin, 92 Fla. 937, 111 So. 240; Gillis v. Smith, 114 Miss. 665, 75 So. 451.

"This court is committed to the rule that mere mental weakness will not authorize a court of equity to set aside a deed if such weakness does not amount to inability to comprehend the effect and nature of the transaction and is not accompanied by evidence of imposition or undue influence. The presumption always supports the validity of the deed and the sanity of the grantor until overcome by a preponderance of the evidence. The deed will under no circumstances be voided unless proven that the mind of the grantor was so affected as to render her incapable of comprehending the nature and effect of the transaction. Clarke v. Hartt, 56 Fla. 775, 47 So. 819; Waterman v. Higgins, 28 Fla. 660, 10 So. 97; Travis v. Travis, 81 Fla. 309, 87 So. 762; Baars v. Alger-Sullivan Lumber Co., 81 Fla. 308, 87 So. 918." Hassey v. Williams, 127 Fla. 734, 174 So. 9.

The chancellor found that this burden of proof had not been successfully met. In fact the appellant practically admits in his brief that there was not sufficient evidence to support the bill of complaint, unless the report of the master at the first hearing also be considered by the chancellor,

which report the chancellor correctly refused to consider, under the circumstances. In view of these facts, we are not warranted in disturbing the finding of the chancellor that the allegations of the bill were not supported by the evidence.

It is contended that the court erred in sustaining the first motion to dismiss. The order granting that motion was lost and the parties stipulated as follows:

"It is hereby stipulated between respective counsel herein that the order of the Court, on the defendant's motion to dismiss the bill of complaint herein, filed on October 9, 1935, has been lost and was not recorded and that the Court entered an order sustaining said motion to dismiss on ground number two thereof and granting the complainant the right to amend instanter by interlineation or by striking the objectionable portions of the complainants' bill as referred to in said ground number two, and defendant's counsel stipulates and agrees to waive and make no objection to the fact that the order of the Court referred to was neither filed nor recorded."

The second ground of the motion to dismiss was:

"2.    That the allegations of said bill of complaint are inconsistent, antagonistic and contradictory in that among other things said bill charges that the grantee Arthur O. Boatright in those two certain deeds charged by said bill to have been recorded in Deed Book 180 at pages 205 and 208 respectively, and mentioned as complainant's exhibits numbered 1 and 4, exercised or attempted to exercise undue influence over and upon the grantor John W. Boatright, and through persuasion and such undue influence, used and exercised by the said Arthur O. Boatright, the said deeds were executed. Said bill at the same time alleges and sets forth that the said grantor was mentally incompetent to execute the deeds in question."

The stipulation and the motion to dismiss show that the order of dismissal gave plaintiff the right to amend, by striking from the bill the allegations relating to *undue influence,* which appellant admits in his brief was not in issue, even before the bill was amended. Complainant presumably took advantage of the leave to amend because the bill was not dismissed.

There was another motion to dismiss the bill which embodied some grounds similar to those incorporated in the first motion to dismiss. The court authorized complainant to amend by striking from Section 4 of the bill allegations relating to *influence* and to *execution of a prior deed,* and then denied the motion, because of the authorization of these amendments. The authorized amendments were presumably made, because the parties proceeded with the cause by answering the bill and later taking testimony. The effect of the order on the second motion to dismiss was to deny the motion, because certain allegations of the bill were authorized to be stricken, which allegations, it is admitted by the brief of appellant, were not concerned with the issues involved in the cause.

Although a motion to strike would have been the proper method of getting at these immaterial allegations, it is not seen how complainant was harmed by the first motion to dismiss, because he amended the bill and the bill was not dismissed; nor, by the second motion to dismiss because it was denied by reasons of certain authorized amendments to the bill in both instances being the striking from the bill of allegations, which appellant does not claim were material or were in issue.

It is contended that the court erred in granting a rehearing in the cause.

This record contains none of the proceedings between the bill of complaint and the first final decree. There is conse-

quently nothing in the record to indicate that the chancellor erred in granting the rehearing. Since the record before us is barren upon this point, we must presume that the chancellor came to the correct conclusion from the facts before him. The ground assigned by the chancellor for granting the rehearing was entirely sufficient in law.

No substantial error having been made to appear in the proceedings below, the final decree below should be and it is hereby affirmed.

Affirmed.

ELLIS, C. J. and TERRELL, J., concur.

WHITFIELD, P. J. and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.