COBB, Judge.
Aaron Canada was the sole owner of ten acres of property in Orange County. On March 20,1967, he conveyed the property to himself and to his wife, Vivian, who joined in the deed, which recited a consideration from her of Ten Dollars. The purpose was to create an estate by the entirety. On July 28, 1967, Vivian Canada quit-claimed her interest in the ten acres back to her husband, who did not join in the execution of the quit-claim deed. On February 26, 1969, Aaron Canada died, survived by Vivian and a daughter, Thelma Cavage, the appellee herein, and a son, Morgan Canada. On June 10,1975, Vivian Canada executed a warranty deed to the appellant, John 0. Long, which purported to convey a fee simple interest in the property. Thelma Ca-vage filed a petition for determination of the homestead status of the property. The trial court entered a summary judgment holding that the attempted inter-spousal alienation of the property by the March, 1967, deed was void because violative of the Florida Constitution and statutes then in effect. That judgment, which was based solely on the affidavit of appellee, is challenged on this appeal.
In construing the applicable provisions of the 1885 Constitution, Florida *1357 courts consistently held that a conveyance of homestead realty by the husband to the wife, in the absence of consideration, was impermissible. Reed v. Fain, 145 So.2d 858 (Fla.1962); Norman v. Kannon, 133 Fla. 710, 182 So. 903 (1938); Church v. Lee, 102 Fla. 478, 136 So. 242 (1931). The question is whether or not the recited consideration of “Ten Dollars and other good and valuable consideration” satisfies the requirement for consideration.
In the case of Daniels v. Mercer, 105 Fla. 362, 141 So. 189 (1932), the Florida Supreme Court sustained the alienation of a homestead to some of the homestead owners’ children, to the exclusion of others, upon a finding that the conveyance was made in good faith for an appropriate consideration. In that case, the deed recited that it was “for and in consideration of the sum of one dollar and other valuable considerations to them in hand paid, the receipt whereof is hereby acknowledged.” This statement of a valuable consideration was challenged by the complaint, and the court found that “the complainants did not sustain their allegation that ‘the grantees in said deed did not pay any consideration therefor’.” The court then found that there was substantial evidence that a valuable consideration was paid, and the alienation was upheld.
In the instant case, the evidence before the trial court was the affidavit of Thelma Joyce Cavage, which read as follows:
1. That she is the daughter of AARON CANADA and has personal knowledge of the facte stated herein.
2. That AARON CANADA died on February 26, 1969, and was survived by his wife, VIVIAN ELIZABETH CANADA, his daughter, THELMA JOYCE CA-VAGE, and his son, MORGAN CLINTON CANADA.
3. That from at least 1966 until the time of his death, AARON CANADA resided permanently on the property in question with his wife, VIVIAN ELIZABETH CANADA, and considered said property to be his home.
4. That during his life, AARON CANADA was the head of his family and recognized as the family member in charge.
5. That AARON CANADA, at the time of his death, was the owner of the property in question and that said property is located in rural Orange County, Florida.
It is obvious that there was no proof before the trial court that the March, 1967 deed was unsupported by actual consideration. In the absence of such proof, the recited consideration in the deed is presumptively correct. See Wise v. Wise, 134 Fla. 553, 184 So. 91 (1938). Accordingly, the summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.