401 So.2d 896 (1981)
In re the ESTATE OF Max SOLNIK, Deceased.
No. 80-2229.
District Court of Appeal of Florida, Fourth District.
July 22, 1981.
*897 Murray S. Kaplan of Stierer, Amendola & Kaplan, West Palm Beach, for appellant.
Kenneth H. Renick, Lake Worth, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
The trial court held, in entering judgment on the pleadings for the decedent's daughter, that the appellant-widow's elective share does not extend under Section 732.206, Florida Statutes (1979),[1] to joint savings accounts with rights of survivorship he established in the names of himself and the daughter pursuant to Section 665.063(1), Florida Statutes (1979). Since this property was plainly not "subject to administration" as provided by Section 732.206, this ruling was entirely correct. See Adams v. Board of Trustees of Internal Improvement Fund, 37 Fla. 266, 20 So. 266, 278 (1896); 31 Am.Jur.2d Executors & Administrators §§ 1, 193 (1967). The widow's contention that her share should be computed on the basis of including such non-probatable assets is belied by the legislature's specific rejection of Sections 2-201 and 2-202 of the Uniform Probate Code, which would have so provided, see Fenn and Koren, The 1974 Florida Probate Code, 27 U. of Fla.L.Rev. 1, 36-37, and is unacceptably contrary to the unambiguous statutory language it eventually chose instead.
AFFIRMED.
LETTS, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] 732.206 Property entering into computation.  The elective share shall be computed by taking into account all property of the decedent wherever located that is subject to administration except real property not located in Florida.