FERGUSON, Judge.
An attempted “alienation” of homestead property by conveyance from the owner to a straw man back to the owner and his new wife, for the ostensible purpose of divesting the property of its character as a homestead and defeating the children’s interest, is prima facie ineffective to convey legal title to the property. The payment of a valuable consideration in such cases is a material question which must be affirmatively proven by the party relying on it, and cannot be established by a mere recital in a deed.[1] Church v. Lee, 102 Fla. 478, 136 So. 242, 247 (1931); see also Reed v. Fain, 145 So.2d 858 (Fla.1962) (on rehearing).
Summary judgment entered for the surviving children is AFFIRMED.[2]

. We are unable to reconcile Church with In re Determination of Homestead of Canada, 384 So.2d 1356 (Fla. 5th DCA 1980), which held, on similar facts, that the recited consideration in the deed of "Ten Dollars and other good and valuable consideration” was presumptively correct. The cases relied on by the fifth district to support its conclusion are easily distinguished. See Wise v. Wise, 134 Fla. 553, 184 So. 91 (1938) (applying rule that recital of consideration in deed is presumptively correct to property not subject to homestead restrictions); Daniels v. Mercer, 105 Fla. 362, 141 So. 189 (1932) (conveyance of homestead property valid where court found substantial evidence that valuable consideration was in fact paid).

. The remaining points raised by appellant, relating to the admissibility of certain affidavits and the alleged existence of material facts in genuine dispute, are similarly without merit.