481 So.2d 1311 (1986)
Vernon KELLEY, Appellant/Cross-Appellee,
v.
Rhonda Lynn HILL, As Personal Representative of the Estate of Norma Hill Kelley, Deceased, Appellee/Cross-Appellant.
No. 85-1304.
District Court of Appeal of Florida, Second District.
January 31, 1986.
Rex P. Cowan of Kalogridis & Cowan, Winter Haven, for appellant/cross-appellee.
Louis L. Suprina, Winter Haven, for appellee/cross-appellant.
CAMPBELL, Acting Chief Judge.
Appellant appeals the trial court's order that determined his elective share in his deceased wife's estate. Appellee cross-appeals that portion of the order that denied her a constructive trust in property held by decedent and denied her claim for reimbursement for certain expenses. We affirm on both the appeal and cross-appeal and discuss only the issue raised by appellant's appeal.
Appellant urges that his appeal represents a case of first impression as to the proper construction of sections 732.201 and 732.206, Florida Statutes (1983) under the facts of this case. We do not agree as we find the principles here indistinguishable from those enunciated in In Re: The Estate of Max Solnik, Deceased, 401 So.2d 896 (Fla. 4th DCA 1981).
The record before us establishes that appellant and decedent were married on July 27, 1978. Both parties were previously married and their former spouses were deceased. They both brought certain real and personal property into the marriage and property was acquired by both after *1312 the marriage. Additionally, appellant contributed his personal funds toward retirement and improvements on the marital home.
At the time of decedent's death on February 20, 1983, she and appellant were living in her previously owned home as husband and wife. On February 24, 1983, appellant was served notice by appellee that decedent had, prior to her death, executed and had recorded a deed conveying the home to appellee, decedent's daughter by her previous marriage. The deed reserved a life estate and power of sale to decedent. Decedent had simultaneously executed a will wherein she specifically devised the same property to appellee, provided she did not predecease her. No provision was made for appellant.
Appellee filed a petition for administration of decedent's estate and appellant gave notice of his election to take an elective share. Appellee subsequently filed her inventory of decedent's estate which contained no reference to her home or certain other assets. Appellant responded to these omissions by filing a petition for determination of elective share. This resulted in the order appealed from which denied appellant an elective share in the value of the marital home.
Appellant argues that decedent's deed reserving a life estate with power of sale was insufficient to remove the home from her estate for purposes of calculating appellant's elective share, citing Wise v. Wise, 134 Fla. 553, 184 So. 91 (1938). That case, and the other cases relied on by appellant, refer to considerations of dower and were decided prior to 1974, when the Florida legislature revised the Florida Probate Code. In enacting sections 732.201 and 732.206, the legislature effectively limited the "elective share" to the probate estate. See In Re: Estate of Max Solnik, Deceased.
Appellant does not attempt to set aside decedent's conveyance on any of the conventionally recognized grounds of rescission or cancellation. He instead simply attempts to have the value of the property included within the estate for the purpose of calculating his elective share.
We conclude that as long as the deed is viable for the purpose of passing title to the property, the property is not "subject to administration" as provided by section 732.206.
Appellant would have us, in regard to a surviving spouse's elective share, read into chapter 732 a legislative intent to prohibit otherwise valid conveyances that are intended to reduce the assets subject to administration. We perceive no such intent. On the contrary, we would have serious reservations as to the far-reaching consequences such a construction might have in regard to estate planning.
Affirmed.
LEHAN and SANDERLIN, JJ., concur.