648 So.2d 204 (1994)
Nancy FRIEDBERG and Lori Friedberg, Appellants,
v.
SUNBANK/MIAMI, N.A., et al., Appellees.
No. 94-146.
District Court of Appeal of Florida, Third District.
December 21, 1994.
Rehearing Denied January 18, 1995.
*205 Downey & Downey, P.A., Edward Downey, Palm Beach, for appellants.
Green, Kahn, Piotrkowski & Miller, P.A., Robert B. Miller, Miami Beach, for appellees.
The Real Property, Probate & Trust Law Section of The Florida Bar, Robert W. Goldman, as amicus curiae.
Before HUBBART, BASKIN and GREEN, JJ.
GREEN, Judge.
Nancy and Lori Friedberg appeal from a final order of the trial court which denied their petition to take an elective share against the assets of a revocable, inter vivos trust established by Milton E. Friedberg or to have a constructive trust imposed upon the family residence and 30 per cent of the assets of the trust. We affirm.
Milton and Nancy Friedberg had been married for 38 years at the time of his death in 1992. Lori is the surviving child of the marriage. Milton executed a revocable, inter vivos trust in 1990. Also in 1990, Milton and Nancy signed a quit-claim deed which transferred a condominium, the family residence, to the trust. A "pour over" will executed by Milton at the same time passed any probate assets into the trust for disposition at Milton's death.
Milton died in 1992. At the time of his death his estate was valued at over $7 million. Of this amount, $247,386 passed in probate. The terms of the trust provided $1,500,000 to Nancy in a charitable remainder trust, $400,000 to Lori in a charitable remainder trust, a separate $500,000 medical trust and a life estate in the condominium to Nancy. The remaining $4 million went directly to various charities. On Nancy's death her $1,500,000 trust and the condominium are to be paid to charity and upon Lori's death her $400,000 trust and the $500,000 medical trust also are to be paid to charity. It is undisputed that the amount provided to Nancy by the inter vivos trust is less than what she would have received as an elective share under Florida Statute 732.207.[1]
The Florida Supreme Court has held that the right to devise property is a property right protected by the Florida Constitution. Shriners Hosps. for Crippled Children v. Zrillic, 563 So.2d 64, 67 (Fla. 1990). This protection extends to completed inter vivos transfers by a spouse which reduce the transferring spouse's probate estate, even when done with the specific intent to diminish or eliminate a surviving spouse's statutory elective share. Traub v. Zlatkiss, 559 So.2d 443, 446 (Fla. 5th DCA 1990).
The right to an elective share is limited to assets which are subject to administration. § 732.206, Fla. Stat. (1991). Assets included in an inter vivos trust are not subject to administration. Estate of Solnik, 401 So.2d 896, 897 (Fla. 4th DCA 1981). "In enacting sections 732.201 and 732.206, the legislature effectively limited the `elective share' to the probate estate." Kelley v. Hill, 481 So.2d 1311, 1312 (Fla. 2d DCA 1986).
*206 When the legislature revised the Probate Code in 1974 it rejected section 2-202 of the Uniform Probate Code which provided that surviving spouses could not be deprived of a "fair share" of an estate through the use of a "will substitute". Solnik. Hence the trial court did not err when it denied the petition for an elective share against the assets of a revocable trust or to have a constructive trust imposed.
We must point out, however, that we are troubled by this result. This case involves a long term, intact marriage. We find it strange that a divorced spouse is entitled, under section 61.075, Florida Statutes, to reach assets held in a revocable, inter vivos trust but a loving, devoted spouse is not. See Carrison v. Carrison, 486 So.2d 1363 (Fla. 1st DCA), rev. denied 494 So.2d 1149 (Fla. 1986), and cases cited therein. Further, both the appellees and amicus[2] indicated that it would be legal for a spouse to place all of the assets into a revocable trust and thereafter fail to provide for the surviving spouse. Indeed, the amicus brief stated that a citizen has "a constitutional right to be a meanspirited, no good curmudgeon" and that there are no "statutory impediments to developing an estate plan that cuts out the spouse".[3] Although we believe this to be a manifestly unfair result and poor public policy, we recognize that we are not the appropriate forum to correct the same. We encourage the legislature to revisit the issue.
Affirmed.
NOTES
[1] This statute provides that:

... The elective share shall consist of an amount equal to 30 percent of the fair market value, on the date of death, of all assets referred to in s. 732.206, computed after deducting from the total value of the assets:
(1) All valid claims against the estate paid or payable from the estate; and
(2) All mortgages, liens, or security interests on the assets.
[2] Because the result seemed so anomalous, we asked the Real Property, Probate & Trust Law Section of The Florida Bar to file a brief as amicus addressing the question of whether assets placed in a revocable, inter vivos trust are subject to claims of a surviving spouse's elective share in the same manner as claims by creditors and former spouses. We thank the section for taking the time to respond and to provide us with its input.
[3] The section advised this court that it, in conjunction with the Family Law, Tax Law and Elder Law Sections of The Florida Bar, began studying the issue of revocable, inter vivos trusts and the elective share two years ago, working on the premise that the current statutes can lead to unfair results and attempting to develop a new statute to present to the legislature.