GROSS, J.
Elaine Faile appeals a final judgment dismissing her second amended complaint with prejudice. We affirm, finding that the complaint failed to state a cause of action for breach of contract or for the imposition of a constructive trust.
In the complaint, Faile sued Joseph Fleming and Northern Trust Bank, as co-personal representatives of the estate of David Faile, and, along with other individuals, as co-trustees of various trusts David Faile established during his lifetime.
The complaint alleged that Elaine and David Faile were married on November 26,1983. During a dissolution of marriage action, the family court judge entered a temporary relief order providing that David would pay Elaine “reasonable monthly living expenses” of $7,904.00 and “Temporary Relief’ of $5,750.00 per month beginning on August 25, 1997, until the entry of final judgment. The total monthly payment contemplated by the temporary relief order was $13,654. David died on June 30, 1998, during the pendency of the dissolution action.
The complaint claimed that David created the trusts during his lifetime “in order to avoid [Elaine’s] distribution of marital assets during a dissolution action and/or to avoid [her] statutory elective share as a surviving spouse.” Count I of the complaint sought recovery for breach of contract, alleging that the temporary relief order “constituted a contract pertaining to [Elaine’s] support” and that the $13,654 would “continue to accrue for the life of the Plaintiff.”
Count II of the pleading attempted to state a claim for the imposition of a constructive trust. In essence, it asserted that the property of the trusts, believed to be more than $9,000,000, included marital assets which would have been equitably distributed by the court in the divorce action had David not died. The complaint stated that such marital property “did not lose its essential and distinctive nature as property arising from the joint contributions of both spouses during the marriage simply because of the death of the decedent during the pendency of the dissolution proceedings.” Elaine claimed that David had “purposefully delayed divorce proceedings” to deprive Elaine of what she would have received in equitable distribution as part of the divorce decree. The pleading concluded that a constructive trust should be imposed over the trust property, to prevent unjust enrichment and fraud.
We do not find that the temporary relief order can support a contract claim. The order was a temporary relief order, a non-permanent agreement. It is clearly established that the obligation to pay permanent alimony dies with the obligated party, so that to overcome this general rule, “there must be an express indication of an intention to the contrary” in an agreement between the parties. O’Malley v. Pan Am. Bank of Orlando, N.A., 384 So.2d 1258, 1260 (Fla.1980). A temporary relief order carries less of a suggestion of permanency than an award of permanent alimony. No reading of the temporary relief order implied that David intended that support payments referenced in the order were to continue after his death.
To support the constructive trust claim, Elaine relies on Carr v. Carr, 120 N.J. 336, 576 A.2d 872 (1990). Carr involved a surviving spouse whose husband died during the pendency of a divorce action. Under New Jersey law, she was not entitled to an equitable distribution of marital assets or to a statutory elective share under the probate code. Carr held *461 that the wife should be granted relief in the form of a constructive trust in order to avoid the “black hole” of property distribution that would otherwise trap her. Id. at 877 n. 2, 880-81. Carr based its holding on New Jersey law which precluded the surviving spouse from obtaining an elective share since she and her husband were not living together as a married couple when he died.
In contrast, Florida law allows Elaine to recover an elective share under these circumstances. Section 732.201, Florida Statutes (1999), provides that the “surviving spouse of a person who dies domiciled in Florida has the right to a share of the elective estate of the decedent.” Thus, Elaine is not confronted by the legal “black hole” faced by the spouse in Carr, since she is entitled to her elective share under Florida law.
As to the allegation that David used the trusts to shelter assets from Elaine’s elective share, we note that Florida law permits such transfers. As the third district observed in Friedberg v. Sunbank/Miami, N.A., 648 So.2d 204, 205 (Fla. 3d DCA 1994):
The Florida Supreme Court has held that the right to devise property is a property right protected by the Florida Constitution. Shriners Hosps. for Crippled Children v. Zrillic, 563 So.2d 64, 67 (Fla.1990). This protection extends to completed inter vivos transfers by a spouse which reduce the transferring spouse’s probate estate, even when done with the specific intent to diminish or eliminate a surviving spouse’s statutory elective share. Traub v. Zlatkiss, 559 So.2d 443, 446 (Fla. 5th DCA 1990).
Understandably, the third district expressed concern about the public policy implemented by this aspect of the law; however, the court recognized that it was not the “appropriate forum to correct” the unfairness.[1] Friedberg, 648 So.2d at 206.
We reverse the award of attorney’s fees under section 57.105, Florida Statutes (1999). The attempt to have the court adopt the Carr decision as the law of Florida constitutes “a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law,” contemplated by section 57.105(2).
Affirmed in part, reversed in part.
FARMER and TAYLOR, JJ., concur.

. We note that section 732.2035, Florida Statutes (1999), has expanded the types of property falling into the elective estate to correct the problems noted in Friedberg v. Sunbank/Miami N.A., 648 So.2d 204 (Fla. 3d DCA 1994). However the new provisions of sections 732.201-732.2155, Florida Statutes (1999), are effective "for all decedents dying on or after October 1, 2001.” § 732.2155(1), Fla. Slat. (1999).