ORFINGER, J.
Velma J. Jones, the personal representative of the estate of Blanche A. Heid,[1] appeals a final judgment dismissing her second amended complaint with prejudice. We affirm, finding that the complaint failed to state a cause of action.
Jones sued Edward J. Heid, III, individually and as successor trustee of the Edward J. Heid Trust (“Trust”), dated June 18, 1993. The complaint alleged that Edward J. Heid (“Decedent”), a resident of Brevard County, Florida, died December 18, 1999, survived by Blanche A. Heid, his wife. At the time of his death, the Trust held real and personal property for Decedent’s benefit. Following Decedent’s death, Edward J. Heid, III became the successor trustee. Jones, the personal representative of Mrs. Heid’s estate, claims that Mrs. Heid was entitled to a portion of the assets held in the Trust pursuant to the elective share provisions of section 732.207, Florida Statutes (2001). In dismissing Jones’ complaint with prejudice, the trial judge concluded that Florida’s expanded elective share statute applies only to persons dying after October 1, 2001, and because Decedent died prior to that date, the expanded elective share statute did not apply. See § 732.2155(1), Fla. Stat. (2001). We agree and affirm.
The surviving spouse of a resident decedent dying before October 1, 2001, on making a proper election, is entitled to an amount equal to thirty percent of the fair market value of all assets subject to administration, except real property not located in Florida, after deduction of all valid claims and mortgages, liens, or security interests on such assets. §§ 732.206-.207, Fla. Stat. (1998); see also Daniel A. Hanley & William T. Hennessey, Elective Share, Practice Under Florida Probate Code § 7.9 (2002 ed.). On appeal, Jones argues that the Trust assets are subject to the elective share claim. We disagree. While it is true that section 732.2035, Florida Statutes (2001), significantly revised the elective share laws and established the concept of an “elective estate,” thereby, substantially broadening the amount and types of property subject to the elective share, by its own terms, the revisions are effective only to decedents dying on or after October 1, 2001. Specifically, section 732.2155(1), Florida Statutes (2000), provides:
Sections 732.201-732.2155 are effective on October 1, 1999, for all decedents dying on or after October 1, 2001. The law in effect prior to October 1, 1999, *1261 applies to decedents dying before October 1, 2001.
(Emphasis added).
Because we accept as true all of Jones’ well-plead allegations, Fox v. Professional Wrecker Operators of Florida, Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001), we assume as was alleged, that Mr. Heid died before October 1, 2001, the effective date of the revised elective share statute. Unfortunately for Mrs. Heid (or perhaps more accurately, her heirs), the law in effect prior to that date was that assets included in the Trust were not subject to administration, and, therefore, not subject to an elective share claim. See Friedberg v. SunBank/Miami N.A., 648 So.2d 204 (Fla. 3d DCA 1994). Accordingly, we affirm the trial court’s dismissal of Jones’ complaint with prejudice.
AFFIRMED.
THOMPSON and PLEUS, JJ., concur.

. Apparently, Blanche Heid survived her husband but died during the pendency of this litigation. Velma J. Jones was appointed personal representative of her estate.