BROADWAY BUILDING COMPANY *vs.* VINCENZO SALAFIA *et ux.*

MARCH 19, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)   *Implied Trusts.*

An implied trust, constructive or resulting can be created although an oral express trust fails.

(2)   *Express Trusts.   Constructive Trusts.   Statute of Frauds.*

A voluntarily conveyed real estate to B. by warranty deed without consideration upon oral promise of B. at time of delivery to reconvey to A. upon request.   B. refused to reconvey.

*Held,* that so far as A. relied upon an express trust he was barred by the statute of frauds.

(3)   *Express Trusts.   Statute of Frauds.   Constructive Trusts.*

Though equity will endeavor in every proper way to prevent use of the statute of frauds to perpetrate a fraud; yet where the only evidence of fraud is the violation of an express oral promise to reconvey, which violation was not intended at the time the promise was made, equity is not justified in creating a constructive trust.

BILL IN EQUITY.   Heard on appeal of complainant and denied.

BARROWS, J.   Heard on appeal from a decree of the Superior Court dismissing complainant's bill at the close of evidence offered in support thereof.   The bill, sworn to by complainant's treasurer, was supported by his and other oral evidence showing an unsought and voluntary conveyance by the usual form of warranty deed, of real estate with a house thereon worth $6,000 to respondents.   The deed, though stating a consideration of $10, was according to complainant's evidence without consideration and upon oral promise of respondents at the time of delivery to reconvey to complainant on request.   It was executed August 23, 1922, in order to sever ownership of a certain parcel of land owned by complainant so that complainant's application to build a garage might be presented with confidence that no objection would be made by the abutting owners.   Respondents executed two mortgages coincident

with the deed: the first to complainant for $4,000; the second for $1,200 to the wife of the treasurer of the complainant company. No consideration was given for either mortgage according to complainant's evidence. The property when transferred was rented. The tenancy continued and the rents were paid to complainant, which paid the taxes, insurance, water rates, repairs and sewer charges without accounting to any one. About one year after the conveyance, complainant, not having erected a garage, demanded a reconveyance which respondent Vincenzo promised to execute. He changed his mind a few days later and the present bill was brought.

At the conclusion of complainant's evidence on motion of respondents the court ruled that no fraud had been shown apart from the refusal to reconvey; that by reason of the statute of frauds (29 Car. 2, Chap. 3, Sec. 7) the trust being an express oral one of real estate could not be enforced and it dismissed the bill on the authority of *Taft* v. *Dimond*, 16 R. I. 584. It found no evidence to warrant a constructive trust under section 8 of the statute.

Trusts are either express or arise by operation of law. The latter are denominated "implied" and are resulting or constructive. 1 Pom. Eq. Juris. 4th ed. § 155. Confusion has arisen by definition of and reference to another type of trusts as "implied". 1 Perry on Trusts, 6th ed. § 25, calls an "implied" trust "one that the courts imply from the words of an instrument where no express trust is declared, but such words are used that the court infers or implies that it was the purpose or intention of the parties to create a trust". Such a trust might arise where precatory words in the document required interpretation. It could not arise where the express terms are unambiguous. To such an "implied" trust did the court probably refer in *Taft* v. *Dimond, supra*, approved in *Hudson* v. *White*, 17 R. I. 519, when it said that a trust by implication was inconsistent with the language of the warranty deed. In reality implied trusts as classified by Perry are a form of express trusts and

what has been called implication is merely construction of language. 1 Pom. Eq. Juris. 4th ed. § 155, n., p. 189. *Taft v. Dimond,* therefore, is not authority for the proposition that no implied trust inconsistent with the language of a warranty deed can be created by operation of law.

(1) An implied trust, *i. e.,* a constructive or resulting trust can be created although an oral express trust fails. Repeatedly conveyances absolute on their face are held to be conditional. A grantee is often held to be a resulting trustee for the one who pays the purchase price. A grantee violating a fiduciary relationship or securing property by actual or constructive fraud is made a trustee by operation of law regardless of the form of the deed of conveyance. 3 Pom. Eq. Juris. 4th ed. § 1053. In the present case there is no suggestion of actual fraud inducing the conveyance or of breach of fiduciary relationship. The fraud if any arises solely from repudiation of respondents' oral promise to reconvey.

(2) So far as complainant relies upon an express trust it admits that its case is barred by the statute of frauds. *Taft v. Dimond, supra.* This statute was adopted because of the dangers from attacks by oral evidence on conveyances absolute in terms. It doubtless has been and is used at times as a shield for a dishonest or unscrupulous respondent. To prevent such use, though the conveyance be absolute on its face, evidence may be permitted to show conduct or oral sayings, or both, which would warrant the creation of a resulting or constructive trust. 1 Perry on Trusts, 6th ed. § 226; 3 Pom. Eq. Juris. 4th ed. § 1036; *Hudson v. White, supra.* The *cestui* of such a constructive trust may be the same person as the named *cestui* of an unenforceable oral express trust. Such identity is not fatal to the creation of the constructive trust. The latter is entirely distinct from the express trust in the manner of its creation. Though the same destination may be reached by each, the two roads leading to it are entirely different; one is blocked by the statute of frauds; the other is not. While trusts are often

created after an unenforceable promise in order to prevent advantage being taken by a grantee of confidential or intimate relationships or to prevent one's availing himself of a title solicited or acquired by fraud, (Pom. Eq. Juris. 4th ed. Vol. 3, §§ 1054-5-6 and notes; *Jenckes* v. *Cook*, 9 R. I. 520 at 525) in the case at bar complainant volunteered the conveyance, respondents merely making a verbal promise to reconvey. No intimate or fiduciary relationship had any influence in bringing about the conveyance. There is no evidence of any active plan to deceive complainant at the time of the execution of the deed. Those cases where such a plan exists or may be inferred (*Dowd* v. *Tucker*, 41 Conn. 197) are not parallel. The doctrine of *Swift* v. *Rounds*, 19 R. I. 527, relied on by complainant to support an inference of fraud when the deed was executed, holds that intention not to perform one's contract at the time of its inception is a question of fact in a deceit case. Here the finding of the court below is that no such intention existed and this finding is fully supported by the evidence. Determination not to perform was an afterthought.

There remains the question whether after a voluntary conveyance without consideration attended by an oral promise to reconvey, mere refusal to reconvey ought to be considered such fraudulent conduct as to warrant equity in raising a constructive trust. There is a sharp conflict of authority on this question. 39 L. R. A. (N. S.) 906, collects the cases. In England if the transaction is *inter vivos* the grantee is made a constructive trustee for the grantor; if a devise, he holds in trust for the beneficiaries of his oral promise. The courts rule that the fraud consists of continued holding of the property by the grantee or devisee in defiance of his promise. The statute of frauds is said to be inapplicable because such use of it would permit the grantee or devisee to profit by his own fraudulent conduct. Some of the United States adopt the same view. 1 Perry on Trusts, 6th ed., § 181 and note, contains many citations at page 289. The original text, § 181, says: "The mere

breach of promise to convey is not enough." In a lengthy discussion of cases the editor of the 6th edition differs from the conclusion of the original textwriter and says: "Most of the cases go to the extent of holding that the fraud lies in the failure to carry out the parol agreement made under such circumstances, even if the agreement was made with an honest intention of performing it." The cases are also collected in 3 Pom. Eq. Juris. 4th ed. §§ 1055, 1056 and notes. Some of these cases are: *Davis* v. *Otty*, 35 Beavan, 208; *Haigh* v. *Kaye*, L. R. 7 Ch. App. 469; *Booth* v. *Turle*, 16 Eq. 182; *Davis* v. *Whitehead* (1894), 2 Ch. 133; *Hall* v. *Linn*, 8 Colo. 264; *Ryan* v. *O'Connor*, 41 O. St. 368; *Giffen* v. *Taylor*, 139 Ind. 573; *Gilpatrick* v. *Glidden*, 81 Me. 137. Evidence upon which to erect such trusts is subject to the closest scrutiny and proof must be clear, full and satisfactory. See *Hudson* v. *White*, 17 R. I. 519, at 529. In the case at bar on complainant's evidence alone there are facts that leave open to suspicion complainant's claim of a promise to reconvey on demand. One outstanding bit of evidence is that its treasurer asks why the company should surrender and cancel the mortgages; another is that complainant has used one of these mortgages as collateral for a loan to the company.

We have examined a large number of cases referred to by the textwriters and we disagree with the editor of the note in Perry in his conclusion as to what is held by most of the cases. Many of our states, although alert to find evidence upon which to take the case out of the prohibition of the statute, hold that to raise a constructive trust, *merely* upon the refusal to keep the verbal promise of the grantee or devisee, is to confuse express and constructive trusts and to subject every express trust to the danger of being converted into a constructive one; to base a constructive trust solely on breach of oral promise to reconvey is not only to reach the same destination sought by the express trust, but to do so by travel along the identical road obstructed by the statute of frauds and to ignore the impediment. Among

cases so holding are, *Ryder* v. *Ryder*, 244 Ill. 297; *McClain* v. *McClain*, 57 Iowa, 167; *Moore* v. *Jordan*, 65 Miss. 229; *Slocum* v. *Wooley*, 43 N. J. Eq. 451; *Arnold* v. *Hall*, 129 Pacif. 914, s .c. 44 R. L. A. (N. S.) 349; *Titcomb* v. *Morrill*, 10 Allen 15. Pomeroy says: "In order that the doctrine of trusts *ex maleficio* with respect to land may be enforced under any circumstances there must be something more than a mere verbal promise however unequivocal otherwise the statute of frauds would be virtually abrogated. There must be an element of positive fraud accompanying the promise and by means of which the acquisition of legal title is wrongfully consummated." 39 Cyc. 178 and 1 Perry on Trusts, 6th ed. Section 76 and sec. 226 accord with this view. That a refusal to perform an oral promise to deal with real estate in an agreed manner and an appropriation of it to one's own benefit is reprehensible is not denied. The statute of frauds, however, has been in force and applied in Rhode Island since 1749,—*Taft* v. *Dimond, supra*, at 587; sometimes interpreted with great strictness,—*Whiting* v. *Dyer*, 21 R. I. 278. Though a court of equity will endeavor in every proper way to prevent the statute's use to perpetrate a fraud yet where (3) the only evidence of fraud is the violation of an express oral promise to reconvey, which violation was not intended at the time the promise was made, we do not feel justified in creating a constructive trust. The trust seems to us to be simply an express trust and unenforceable by reason of the statute of frauds. Cf. *Ham* v. *Massasoit Real Estate Co.*, 42 R. I. 293.

There was no error in the action of the trial court in dismissing the bill.

The appeal is denied. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Joseph H. Coen, Frank J. Rivelli*, for complainant.
*Max Winograd*, for respondents.