HAROLD G. WILSON, *Appellant*, v. CLAUDE M. N. WILSON, *Appellee*.

Division B.

Opinion filed July 31, 1928.

*Walter G. Park* and *Scarlett, Jordan, Futch & Fielding,* Attorneys for Appellant;

*Hull, Landis & Whitehair* and *Millard B. Smith,* Attorneys for Appellee.

BUFORD, J.—In this case demurrer to an original bill of complaint was sustained. Likewise was a demurrer to the amended bill of complaint sustained. A second amended bill of complaint was filed. A demurrer was interposed thereto and was sustained and order made dismissing the bill. From the order sustaining the demurrer to the second amended bill of complaint and dismissing such bill of complaint appeal was taken.

In short, the allegations of the bill are that the complainant was in need of $1,500.00 and that his wife, the defendant here, agreed to loan him that amount on condition that he would execute and deliver to her quit-claim deed to the lands described in the bill of complaint to be held by her to secure the loan. That the complainant prepared a quit-claim deed and himself had it placed upon record in the proper public records of Brevard County, Florida. That when the quit-claim deed had been recorded the complainant took it and offered to deliver it to his wife, the defendant, as a mortgage to secure the loan of $1,500.00, but that she refused to accept the quit-claim deed as security and refused to make the loan but then proffered to

make the loan to complainant's mother if the mother would execute a mortgage upon her own property to secure the $1,500.00 and that in pursuance of this proposition, Martha E. Wilson, the mother of the complainant, did execute and deliver to the defendant a mortgage upon certain of her own property to secure the loan of $1,500.00 from the defendant. That such loan was made and was afterwards paid in full and the mortgage from Martha E. Wilson was cancelled. That defendant did not loan any money to complainant and that complainant did not deliver the quit-claim deed to the defendant or to any other person and has at all times kept the same in his possession and control.

The bill further alleges that the defendant has since all the facts transpired obtained an order of circuit court making her a free dealer and that such decree was obtained by defendant for the purpose of enabling her to execute deeds of conveyance of the lands described in this quit-claim deed and to do so without the joinder of her husband.

The bill further alleges that prior to and at the time when the mortgage in the form of quit-claim deed was executed from the complainant to the defendant the complainant was in possession of the lands therein described and has ever since that date continued to hold possession of all of said lands and every part and parcel thereof. The prayer is for a decree that the court has acquired jurisdiction of the parties and of the subject matter and that the equities of the cause are with the complainant.

That the supposed quit-claim deed of conveyance, though a deed in form, was in fact intended to be a mortgage and would have been a mortgage if the loan had been made which was intended to be secured thereby.

That the supposed quit-claim deed whether as deed or

mortgage is void and of no effect; is a cloud upon the title of the complainant to the lands therein described and that the same be cancelled of record and that the clerk of the circuit court be directed to note on the margin of the record of the said instrument the date and record of the decree cancelling the same.

In equity the duality of husband and wife has always been recognized and whenever the interests of the two are conflicting the wife is allowed to bring suit against her husband or the husband against the wife as if she were sole and unmarried. Barber v. Barber, 21 Howard 582, 16 Law Ed. 226; Whitman v. Abernathy, 33 Ala. 154, 30 C. J. 945, 951.

The bill of complaint in this case alleges that the wife has procured a decree of the circuit court constituting her a free dealer. If this allegation is true, the defendant has placed herself in position to sue and to be sued the same as if she were not married.

It is contended that inasmuch as the bill of complaint alleges that the instrument sought to be cancelled which appeared on its face to be a quit-claim deed was caused by the grantor to be recorded that such recording constituted a valid delivery of the deed to the grantee and that the complainant could not be heard to pray for the cancellation of the deed in the absence of fraud and that the opinion of this Court as enunciated in the case of International Kaolin Co. v. Vause, 55 Fla. 641, 46 So. R. 3, is conclusive against his right to maintain the suit.

We cannot agree with this contention. The allegations of the bill of complaint are that the written instrument which was recorded was never intended to convey the fee simple title, but was only intended as a mortgage to secure the loan, in the event the loan was made. That the loan was not made and that the instrument was never delivered and in effect that the defendant never acquired any

interest in the property. This Court has repeatedly held that "the filing and recording of a deed is *prima facia* evidence of its delivery, but the presumption thus created may be rebutted by other evidence." See Smith v. Owens, 91 Fla. 995, 108 So. R. 891.

There appears to be equity in the bill. The order sustaining the demurrer should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

STRUM AND BROWN, J. J., concur in the opinion and judgment.

ELLIS, C. J., dissents.