H. A. CROCKETT, Appellant, v. H. T. CROCKETT, *et ux.*, and HELEN LOUISE JOHNSTONE, *et vir*, Appellees.

199 So. 337
Opinion Filed December 17, 1940

*E. K. Sumner* and *Sumner & Sumner,* for Appellant;

*T. B. Ellis, Jr.,* and *Liddon & Fee,* for Appellees.

PER CURIAM.—H. T. Crockett, appellee here, complainant below, filed a bill of complaint against Helen Louise Johnstone and D. M. Johnstone, her husband, alleging that the complainant and Helen Louise Johnstone were the owners in fee simple of certain described properties located in St. Lucie County, under and by virtue of a conveyance dated January 30, 1929, from H. A. Crockett, appellant, the

deed being of record in St. Lucie County. The bill prayed that the court order a partition of the property between the tenants in common. H. A. Crockett filed a petition for leave to intervene in the partition suit, the petition alleging that the petitioner was the owner of the said properties, which were held in trust for him by H. T. Crockett and Helen Louise Johnstone. The court granted the petition and made the intervenor, H. A. Crockett, a party defendant.

In his answer to the bill of complaint, the intervenor alleged "that he conveyed the said premises to the complainant and the defendant, Helen Louise Johnstone, . . . but says in conveying the said lands he conveyed the same . . . to be held in trust for . . . this intervener." As a counterclaim, the intervener asked the court to find that the said H. T. Crockett and Helen Louise Johnstone were holding the said properties in trust for H. A. Crockett and to decree that they convey the property to him.

The final decree of the chancellor dismissed the counterclaim, decreed that the complainant, H. T. Crockett, and the defendant, Helen Louise Johnstone, were the owners of the property in fee simple and ordered partition. From this final decree, the intervener entered an appeal.

It appears from the record that the intervenor, H. A. Crockett, conveyed the property to H. T. Crockett and Helen Louise Johnstone, but the intervener alleged that the conveyance was without consideration and with the express understanding and agreement that the property was to be held in trust for him and reconveyed to him on demand. The evidence is to the effect that the grantor, H. A. Crockett, voluntarily executed the deeds to the property and had the same recorded, all without the knowledge of his children, the grantees. Where deeds conveying property to the grantor's children contain a recital of delivery and are recorded, there being no showing of fraud on the

grantor, there is a legal delivery thereof. International Kaolin Co. v. Vause, 55 Fla. 641, 46 So. 3; Wise v. Wise, 134 Fla. 553, 184 So. 91. The deeds also contain a recital of consideration and were under seal. See Wise v. Wise, *supra.*

A careful study of the record discloses ample evidence to support the final decree. The deeds were under seal, voluntarily executed, recited consideration, and were recorded by the grantor. The contention of the grantor that the property was deeded by him with the express understanding and agreement that the grantees were to hold it in trust and reconvey it to him on demand is not supported by the evidence, it appearing that the grantees knew nothing of the conveyance until after the deeds were recorded. A promise to reconvey or to hold in trust is an attempt to create an express trust and, if oral, is unenforcible under Section 5664 (3791) C. G. L. 1927. See Croker v. Palm Beach Estates, 94 Fla. 171, 114 So. 225. In Reid v. Barry, 93 Fla. 49, 112 So. 646, the Court states:

". . . In this and other jurisdictions having statutes substantially similar to ours, trusts in realty cannot be proved by parol, and hence cannot be enforced against a party who denies the existence of such a trust; nor will oral proof be heard to ingraft an express trust on a conveyance absolute in its terms. . . ."

There is some evidence that a later promise was made by the grantee to reconvey the property, but such a promise made after the acquisition of title to the property does not give rise to a constructive trust, 65 C. J., Sec. 215. Equity will enforce such an oral promise only if it is made at or before the time of the conveyance for the purpose of fraudulently influencing the grantor. 65 C. J., Secs. 35 and 223; Drake v. Thompson, 14 Fed. (2d) 933, cert. de-

nied 47 S. Ct. 337, 273 U. S. 744, 71 L. Ed. 870; Butler v. Watrous, 185 Ala. 130, 64 So. 346.

For the reasons above pointed out, we find no error in the action of the court below and the decree appealed from will be affirmed.

TERRELL, C. J., WHITFIELD, BUFORD and THOMAS, J. J., concur.

ADAMS, J., disqualified.