**MOLLIE RAPPAPORT v. FRIEDA KALSTEIN, DANIEL AARON ENGELBERG, individually and FRIEDA KALSTEIN and DANIEL AARON ENGELBERG, as Administrators of the Estate of Yetta Engelberg, also known as Jetti Engelberg, deceased.**

24 So. (2nd) 301                                            June Term, 1945
January 4, 1946                                                Division A

*Paul Weitzmann,* for appellant.

*Evans, Mershon & Sawyer, Herbert S. Sawyer* and *W. O. Mehrtens,* for appellee.

TERRELL, J.:

In November 1939 Osias Engelberg conveyed to his daughter, Frieda Kalstein, certain real estate and personal property, in Miami, Florida known as Mecca Apartments. This suit was brought by other heirs of the grantor to decree that said properties were held in trust by the grantee. It is alleged that the father was to receive the income and pay all expenses in connection with the property, that the daughter was to move into Mecca Apartments, apply for homestead exemption, manage the property and receive compensation therefor from her father. In fact the consideration for the conveyance was to secure the homestead exemption.

It is also alleged that the deed executed to the daughter was filed for record in December 1939, that the daughter took possession January 1, 1940, as manager for her father, that she secured homestead exemption and from the time she secured the legal title to the property and assumed management for her father he received all income from the property, paid all expenses, taxes, interest on the mortgage, repairs and other expenses of operation, including the daughter's salary, which he continued to do to the date of his death, February 6, 1941.

This suit was brought by Mollie Rappaport, a sister of Frieda Kalstein. After alleging the foregoing and other facts, the bill of complaint alleges that complainants have an undivided interest in this property, as heirs of their father, and that under the facts detailed, Frieda Kalstein holds the property in trust for the benefit of all the heirs. A motion to

dismiss the amended bill of complaint was granted, a final decree was entered and this appeal was prosecuted.

The question for determination may be stated as follows: When a father conveys property to a daughter for the purpose of taking advantage of the homestead exemption, may a second daughter impress a trust upon the property because of an alleged oral promise by the grantee to hold the property in trust for her father.

With respect to the manner in which they are created, trusts are either express, resulting or constructive. Section 689.05, Florida Statutes 1941, defines the manner in which trusts may be created and proven in this state and we find no allegation in the bill of complaint that could be construed as meeting this requirement of the law. It may be contended that the statute as referred is limited to the creation of express trusts, but the answer to this contention is that the elements of a resulting and a constructive trust are equally as well defined as those which constitute an express trust and there is a dearth of allegation in the bill to support any of them.

The only fraud alleged in the bill of complaint was to the effect that Osias Engelberg made the conveyance to Frieda Kalstein for purpose of taking advantage of the exemption laws of Florida, to wit; The Homestead Exemption Law, Section 192.12, Florida Statutes 1941. So the fraud alleged was that of the grantor and there is no showing that the grantee in any way aided or abetted the fraud. This court is committed to the doctrine that no trust can arise in favor of the person participating in a fraudulent transaction. Crocket v. Crocket, 145 Fla. 311, 199 So. 337.

Appellant contends that the promise on the part of appellee that "she would hold the property in trust for him" was sufficient basis on which to predicate a constructive trust, but the authorities are legion which hold that a constructive trust cannot be supported by a parol promise. Broadway Building Co. v. Salafia, 47 R.I. 263, 132 Atl. 527, Smith v. Smith 153 Ala. 504, 45 So. 168, Nichols v. Capen, 79 Wash. 120, 139 Pac. 868. It has also been held that the relation of father and child is not of such confidential status as to create

the presumption of fraud.  Smith v. Mason, 122 Cal. 426, 55 Pac. 143.

Taking the transaction in its entirety there is no fraud charged against Mrs. Kalstein.  Such fraud as was charged was that of the father for the purpose of procuring a tax exemption.  Viewed in a more favorable light the transaction resolved itself into a gift from father to daughter.  For all the record discloses, it was voluntary, the law favors such a presumption, there being no showing to the contrary.  We find no theory on which it should be overthrown.

The judgment appealed from is therefore affirmed.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.