WHITE, Associate Justice.
The question here is the sufficiency of an amended bill of complaint to state a case upon which the Court can declare a trust in plaintiff’s favor in real property, title to which is held by one of the defendants, Sarah Wodonos. The entire basis for the action is stated in plaintiff’s pleading as follows:
“The Plaintiff alleges that on December 14, 1950, subsequent to the marriage of the Plaintiff to the Defendant, Sarah Wodonos, on April 16, A. D. 1950, the Defendant, Jose Singer, father of the Defendant, Sarah Wodonos, conveyed to the Plaintiff and the Defendant, Sarah Wodonos, a twenty five percent (25%) interest in and to that certain property known and described as the Samart Apartments, located at 1941 Park Avenue, Miami Beach, Florida, more particularly described as [omitting description]; that such conveyance was a gift from the Plaintiff’s father-in-law to the Plaintiff and the Defendant for the use and benefit of both the Plaintiff and the Defendant, but that title to the property was placed solely in the name of the Defendant, Sarah Wodonos.”
The deed of conveyance to Sarah Wo-donos was not exhibited to the Court, nor is it shown that the trust upon which plaintiff relies was evidenced by a written document. No fraud, trickery, undue influence, or overreaching on the part of anyone is charged, nor is it suggested that the grantee had been informed' in any fashion whatsoever that a trust was intended, or that she was accepting a conveyance of real estate subject to a beneficial interest in another.
In analyzing his pleading, we take the position that plaintiff has stated his case in the light most favorable to his right to relief. Sec. 689.05, Florida Statutes 1951, F.S.A. provides that “declarations and creations of trust * * * shall be manifested and proved by some writing * * Therefore we assume that had there been written evidence of the trust, either by the deed or by an independent document, plaintiff would have stated that fact in his complaint.
Obviously the Court cannot put into operation a desire on the grantor’s part which would nullify the statute. On the contrary, the grantor is unalterably bound to the legal effect of his acts, interpreted in the light of that statute.
It follows that the voluntary conveyance of the absolute title to real property vests ownership in the grantee, free of any parol declaration of trust.
Resulting and constructive trusts rest upon other principles that are fully recognized here. A study of those principles as outlined in the chapter entitled “Trusts Arising by Operation of Law—Resulting and Constructive Trusts” of 4 Pom.Eq.Jur. (5th ed.), p. 58, will demonstrate that “there is a dearth of allegation in the bill to support any of them.” See Rappaport v. Kalstein, 156 Fla. 722, 24 So.2d 301, 302.
It follows that it was proper for the lower court to dismiss the action with prejudice.
Affirmed.
SEBRING, C. J., and TERRELL and ROBERTS, JJ., concur.