DREW, E. HARRIS, Associate Judge.
This is an appeal from a decree for plaintiff, the appellee Leonard Mills, in a proceeding in chancery in the Circuit Court for Hernando County, initiated by him in his capacity as administrator of the estate of his deceased mother, Amy.
The complaint, entitled as a bill to set aside a deed and impose a trust, alleged ins substance[1] that in the years 1953 and 1954;, because of outstanding debts and impending actions against her, and upon the advice of her brother John Mills, the defendant, and others, Amy Mills conveyed certain property to the defendant with the understanding that he woud re-convey upon her request; that contrary to the deed recitations the conveyance was made without consideration; and that Amy Mills, who had reserved a life estate in the property in question, died in 1957 without requesting re-conveyance of the fee. A motion to dismiss, predicated on the absence of allegations of fraud or other facts sufficient to warrant setting aside the deed or imposition of an equitable trust, was denied and, after trial on the issues presented, a decree was entered finding a lack of consideration and an implied agreement for re-conveyance, and concluding that the instruments of conveyance should accordingly be cancelled, a trust imposed, and title vested in the plaintiff as personal representative of the grantor.
In supporting the decree upon this appeal plaintiff proceeds solely on the well *300 established equitable doctrine of constructive trusts, relying in part upon a decision that “trusts of this character may result from actual or constructive fraud or from some equitable principle independent of fraud,”[2] and broad statements from other opinions involving abuse of confidence and unjust enrichment.[3]
A study of these and other decisions, however, fails to reveal any conflict with the principle which is determinative of this case: a constructive trust does not arise merely from breach of an oral agreement by a grantee to re-convey, and neither this nor the equitable device of resulting trusts[4] will. permit contradiction, as between the immediate parties, of recitals in a document of conveyance in respect to consideration.[5] Aside from these two factors, the remaining allegations of the complaint are insufficient (as, indeed are the facts reflected by the evidence in the record and the findings of the chancellor based thereon) to show any additional circumstance warranting equitable relief, such, for instance, as fiduciary violation or fraudulent procurement or concealment operating against the grantor,[6] even if a constructive trust could in any situation be imposed where a grantor’s motives in making a conveyance were concededly to avoid or evade potential legal liabilities.[7]
Such a motivation, asserted as evidence that a grantor never intended his conveyance to operate as a relinquishment of the beneficial interest in his property, would seem to be basically inconsistent with the doctrine of constructive trusts, ordinarily imposed where a grantor does in fact intend to make a good and valid conveyance of his full property interest, but is induced to do so by inequitable means or conduct of the grantee. The character of conduct which initiates the conveyance obviously must be more than a promise of reconveyance, subsequently breached. The direct allegation in the instant case that the grantor was advised by defendant “and others” that a conveyance would be “to her advantage” tends, in fact, to negative the existence of any unconscionable advantage or influence resulting from the family relationship between the parties, which does not in any event give rise to a presumption of abuse of confidence.[8] Also, while an evaluation of all the evidence is not essential to our disposition of this appeal, it might be noted that the reservation of a life estate by the grantor does not bolster the plaintiff’s case.
 The facts asserted bring the case squarely within the rule of earlier cases[9] dealing with attempts to create express trusts which if oral, are unenforcible under section 689.05, Florida Statutes, F.S.A.[10] *301 If this provision is to have any effective area of operation whatever, it is plain that mere failure to perform an oral trust, though it may inevitably result in unjust enrichment, cannot provide a basis for relief in the absence of fraud or some additional circumstance, other than a breach of the alleged trust, serving to distinguish the transaction from the oral trusts against which the statute is directed.
While a misapprehension of the applicable rules of law hereinabove outlined appears also to have infected the findings and conclusions of the court upon the evidence so, as to require reversal upon that ground, we are of' the opinion that the complaint, showing on its face a fatal deficiency, was erroneously sustained at the outset, and that defendant’s motion to dismiss upon the grounds specified should have been granted.
The judgment is accordingly reversed and the cause remanded for entry of such an order.
KANNER, C. J., and ALLEN, J., concur.

. The material allegations were that the decedent had been “advised by the defendant John P. Mills, her brother, and others, that it would be to her advantage to convey all her property, real and personal, without consideration to some person she could trust to hold it for her * * that the deceased was a woman of meager education and did not fully comprehend or understand the legal imjilica-tions of the advice so given; that nevertheless she decided to convey her title to her brother, John P. Mills * * * that the said Amy A. Mills conveyed said property with the express or implied understanding that the defendant would re-convey said property back to her upon her request; that the defendant agreed to the above and paid no money or any other consideration for said conveyance * * * that the said Amy A. Mills died in an automobile accident on May 18, 1957 and did not during her lifetime request the defendant to re-convey * * * Wherefore, plaintiff prays that the Court * * * will void and set aside the conveyances * * * or in the alternative impose a trust upon the defendant as ta said property.”

. Seestedt v. Southern Laundry, 149 Fla. 402, 5 So.2d 859, 861.

. See Williams v. Grogan, Fla., 100 So.2d 407, dealing 'with concealment of material facts by a fiduciary.

. Wadlington v. Edwards, Fla., 92 So.2d 629.

. 54 Am.Jur. Trusts, Sec. 231, and Sec. 202.

. For a clear statement of the burden of proof in such cases see Tillman v. Pitt Cole Co., Fla., 82 So.2d 672.

. See Rappaport v. Kalstein, 156 Fla. 722, 24 So.2d 801, 802: “This court is committed to the doctrine that no trust can arise in favor of the person participating in a fraudulent transaction.” Annotation 35 A.L.R. 296; 45 A.L.R. 853; 80 A.L.R. 201; 129 A.L.R. 694.

. Ibid. Cf. Williams v. Grogan, note 3, supra.

. Crockett v. Crockett, 145 Fla. 311, 199 So. 337; Rappaport v. Kalstein, note 7, supra.

. “689.05 Soio declarations of trust proved. All declarations and creations of trust and confidence of or in any mes-suages, lands, tenements or heredita-ments shall be manifested and proved by some writing, signed by the party authorized by law to declare or create such trust or confidence, or by his last will and testament, or else they shall be utterly void and of none effect; provided, always, that where any conveyance shall be made of any lands, messuages or tenements by which a trust or confidence shall or may arise or result by the implication or construction of law, or be transferred or extinguished by the act and operation of *301 law, then, and in every such ease, such trust or confidence shall be of the like force and effect as the same would have been if this section had not been made, anything herein contained to the contrary in anywise notwithstanding.” Florida Statutes 1957, F.S.A.