OGILVIE, CLAUDE, Associate Judge.
The deceased Paul V. Rogers purchased a lot by contract dated August 25, 1956. The transaction was closed on October 16, 1956, at which time a total to date of $5,760 was paid in cash by said purchaser, *73 Paul V. Rogers, on the whole purchase price of $7,200, leaving a deferred balance of $1,440 to he paid in two equal instal-ments of $720 each. The deed of conveyance was made to defendant Edna B. Macknet, the legal secretary of said purchaser, Paul V. Rogers, at his request, and thereafter Rogers paid the first deferred instalment of $720. After his death, (December 8, 1957), the defendant Macknet paid the last $720 instalment on January 2, 1958, and received the deed of conveyance from the vendor who held same in escrow to be delivered upon the completion of the purchase price. Defendant Macknet paid only the last $720 on the purchase price; the deceased Paul V. Rogers paid $6,480 on the purchase price.
Plaintiff Paul V. Rogers, Jr., as Executor of Estate of Paul V. Rogers, filed suit in chancery seeking to impose a resulting trust on said lot in question, legal title to which is vested in defendant Edna B. Macknet. She claims legal and beneficial title alleging in her Answer that the deceased made a gift to her of the property during his lifetime.
The defendant Macknet worked for the deceased Paul V. Rogers for more than two years prior to and up until his sudden death, December 8, 1957, as his legal secretary. She was not a blood or marital relation. She testified that she received a meager salary as such legal secretary; that he proposed marriage to her (although at the time he was married and continued so until his death); that after the payment by him of the $5,760 on the purchase price, and after the escrow agreement (with executed deed of conveyance attached) was signed and copy delivered to Paul V. Rogers on October 16, 1956, he some nine days thereafter on October 25, 1956, in his law office in Leesburg, Virginia, orally told her in private that said lot belonged to her, and upon the final instalment of $720 being made the deed would be delivered to her by said vendor who held same in escrow.
The deceased Rogers did not sign any writing; he did not deliver his copy of the escrow agreement to her — it was found in his personal effects after his death. Neither was the deed of conveyance nor possession of the real estate delivered to defendant by the vendor until after the death of the purchaser Rogers.
Considerable testimony and proofs were adduced before the Court in behalf of both sides, including disinterested witnesses as well as plaintiff and defendant testifying; both of whom were interested personally in the result of the litigation. Quite a number of documents were introduced in evidence by the respective parties, including the original contract of purchase naming the plaintiff’s testate as the purchaser; the original deed of conveyance naming the defendant as the grantee; and among other documents introduced in evidence, some fifteen original letters dictated by the deceased Rogers to defendant as his legal secretary and all transcribed and typed by her (without any protest from her whatsoever according to her own testimony), and signed by said deceased Rogers — after the date of the “gift” claimed by her— written to several disinterested third parties, wherein he (the deceased Rogers) claimed to be the sole owner of the property, and wherein he was negotiating with an architect and a building contractor for the construction of a residence on said property. Each contestant contended that all such evidence was perfectly consistent with their respective claims, that there was a resulting trust in favor of the testate’s Estate, or that there was a gift to the defendant.
In connection with plaintiff’s and defendant’s testimony, both of them being interested in the outcome of the litigation, the Chancellor was called upon to consider Section 90.05, F.S.A., commonly known as the dead man’s statute. The plaintiff testified as to conversations between him and his father, his testate, concerning his intent with regard to having the deed of conveyance made to the defendant, his legal secretary; and later, when the defend *74 ant began testifying about conversations between herself and plaintiff’s testate, plaintiff sought to invoke said statute — and the Court rightly held that he had waived the protection thereof, by his previously testifying concerning the transaction in a broad sense.
Appellant cites two recent Florida cases as controlling in the instant case. Rappaport v. Kalstein, 156 Fla. 722, 24 So.2d 301, and Mills v. Mills, Fla.App. 1959, 112 So.2d 298; in each a deed of conveyance was signed and delivered to the alleged beneficiary and the grantee was placed in possession (physical possession in one, and at least constructive possession in the other). And in each case it was held that the grantee was guilty of no fraud, actually none was even alleged; and it was held that no equitable principle was involved sufficient to impress a trust upon the property conveyed and delivered by the grantor during his lifetime (in each case the conveyance was made to an immediate member of the family, a daughter in one and a brother in the other, both being a natural object of bounty, and both relations being those of natural love and affection — in which case the law presumes a gift). The record and transcript in the principal case present an entirely different set of facts and circumstances.
The defendant filed with the Chancellor (1) Motion to Dismiss the Complaint, which was denied; (2) Petition for Rehearing after entry of final decree, which was also denied. Both rulings were made assignments of error.
The question as to whether there was a gift inter vivos, or whether there was a resulting trust in favor of the Estate of the person paying $6,480 of the total purchase price of $7,200, in this case, depended upon the facts as found by the Chancellor. We feel that there is ample evidence in the record to support the findings and holding made by the trier of the facts.
The Chancellor decreed that the defendant Edna B. Macknet held legal title in trust for the benefit of the Estate of Paul V. Rogers, deceased, subject to a lien for $720 which she had personally paid on the purchase price after the death of plaintiff’s testate.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.