777 So.2d 1041 (2001)
David W. MATTOX, et al., Appellants,
v.
Dallas E. MATTOX, Appellee.
No. 5D00-749.
District Court of Appeal of Florida, Fifth District.
January 5, 2001.
Rehearing Denied February 12, 2001.
*1042 Jeannette M. Haag of Haag, Friedrich & Wilcox, P.A., Inverness for Appellants.
Kevin K. Dixon of Brannen, Stillwell & Perrin, P.A., Inverness for Appellee.
PETERSON, J.
David and Joann Mattox (David) appeal a final judgment finding against them on their action for quiet title against David's brother, Dallas Mattox. We reverse.
Leora Mattox divided a three-acre parcel of land in Citrus County into three one-acre lots by properly executing a general warranty deed to each of the lots naming as grantee, each of her three sons, David, Dallas, and Donald. She reserved a life estate to herself in each of the three deeds. Donald, Dallas, and Dallas' wife, Wilma, accompanied Leora to the Citrus County Clerk's office to record the deeds in 1979. The recorded deeds were mailed by the clerk to Leora, who resided in Ohio.
Between 1979 and 1988, Leora purchased mobile homes for Dallas and Donald who had moved to Florida. She then reconveyed the two sons respective lots to them and their wives without reserving a life estate so that each could obtain loans secured by a mortgage on their respective lots. Leora did not reconvey David's lot because she moved a mobile home on it and resided in it as her homestead. Between 1986 and 1996, David and Joann visited Leora and stored their clothes and boat on the lot. All three of the brothers admitted that everyone in the family knew that the lot was David's when Leora died and nothing occurred that would have indicated any inconsistency with the record title.
But, in May 1996, when Leora's health and eyesight began to fail, Dallas took her to an attorney for the purpose of preparing a new will in which the three sons shared equally in Leora's estate. The attorney also prepared a deed reconveying David's, Dallas' and one half of Donald's lot to Dallas. Later, the attorney stated that the title description must have been given to him by either Leora or Dallas, that a title search was not performed, and that he would not have prepared the deed if he knew that Leora owned only a life estate. The attorney took the deed to Leora on May 16, 1996 while she was in the hospital. It was during that visit that Leora executed the deed and also transferred the title to the mobile home on David's lot to Dallas. Dallas recorded the deed on May 23, 1996.
On May 18, 1996, David and Joann received a call about Leora's declining health, traveled to Florida, and visited Leora. They found her in the hospital where she was having trouble recognizing anyone because of her poor eyesight. She did not have her table-mounted magnifying glass in the hospital. Everyone agreed that she could not read fine print such as is included in a deed without magnification. David learned about the deed and allegedly attempted to talk to Leora about it between the visit in the hospital and August 18, 1996 when Leora died at the age of 78.
After Leora's death, David took possession of the lot formerly occupied by Leora. When the property was vandalized, David and Joann filed suit against Dallas for the vandalism as well as claims to quiet title, slander of title, and unjust enrichment. Dallas counter-claimed for unlawful entry and a declaratory action.
After a jury trial,[1] the trial court entered judgment finding that none of the litigants were entitled to succeed on their claims except David and Joann who were entitled to a judgment for unjust enrichment or betterment in the amount of $2,500. The judgment does not determine where title to David's lot is vested, rendering *1043 the litigation valueless with respect to determination of title.
The issue in this case is narrow, to wit: whether Leora "delivered" the properly executed 1979 deed to David. David asserts that the court erred by not applying the correct law to the facts when the court found that the 1979 deed had not been delivered. The court justified its decision by relying on Canova v. Florida National Bank of Jacksonville, 60 So.2d 627 (Fla. 1952), which held that delivery is an essential element to create an oral inter vivos gift of a bank account and contents of a safe deposit box. While the general rule of Canova is applicable, its sole application to this case without more was erroneous because Canova dealt with a purported oral gift of personal property, not real estate involving a written deed. Gifts of real estate receive special treatment under the rules dealing with inter vivos gifts because emphasis is placed upon the deed, which symbolically represents the property.
Delivery of a deed by the grantor and acceptance by the grantee are essential to transfer title. See Ellis v. Clark, 39 Fla. 714, 23 So. 410, 412 (1897). There is a dichotomy in Florida law regarding the effect recordation has on the delivery. See 19 FL. JUR. 2d § 72 Delivery for Recording (West 1999). Some authorities hold that recordation of a deed is effective as legal delivery of the deed in the absence of fraud on the grantor. See Wise v. Wise, 134 Fla. 553, 184 So. 91, 96 (1938); International Kaolin Co. v. Vause, 55 Fla. 641, 46 So. 3 (1908); Levy v. Cox, 22 Fla. 546 (Fla.1886); see also Crockett v. Crockett, 145 Fla. 311, 199 So. 337 (1940). Others hold that recordation constitutes prima facie evidence of delivery and creates a rebuttable presumption of delivery, which when coupled with other evidence showing an intention to deliver the deed is evidence of absolute delivery. See Smith v. Owens, 91 Fla. 995, 108 So. 891, 894 (1926); Ellis, 23 So. at 412; see also Lance v. Smith, 123 Fla. 461, 167 So. 366, 367 (1936); Wilson v. Wilson, 96 Fla. 358, 118 So. 215, 216 (1928). Presumption of delivery can only be overcome by showing that no delivery was made and no delivery was intended. See Ellis, 23 So. at 412-13.
We believe that the Wise line of cases is preferable and adopt the rule that recordation of a deed is effective as legal delivery of a deed in the absence of fraud on the grantor. It should be the public policy of this state that one should be able to rely on the public records of a county to determine title and that a recital in a recorded deed that consideration and delivery was made should be conclusive of the fact of delivery in the absence of fraud. This result is especially appropriate in this case where Leora personally and in good health recorded the deed at her cost, acknowledged her intent to convey the lot to David, and took no inconsistent action until she, being in frail health, with extremely poor eyesight, and in the presence of the son who is the beneficiary of the act, executed a deed inconsistent with the title to not only David's lot but also the two adjoining ones.
The court erred by determining that Canova was dispositive of this case and by denying David and Joann's motion for judgment notwithstanding the verdict. We find that Leora's recordation of the 1979 deed to David in the absence of fraud vested the remainder interest in David so that upon Leora's death, David was vested with fee simple title. Accordingly, we vacate the "Final Judgment After Jury Trial" except paragraph "C" of that judgment which denies compensation to Dallas in his claim for forcible entry or unlawful detainer and remand for further proceedings consistent with this opinion.
JUDGMENT VACATED in part; REMANDED.
COBB and PALMER, JJ., concur.
NOTES
[1] We need not address the propriety of a jury trial in the actions.